(18 Misc. Rep. 721.)

### In re McCULLOUGH et al.

(Surrogate's Court, Erie County. December, 1896.)

ADMINISTRATORS—LIABILITY FOR COSTS—ACTION FOR DEATH.

An action by a woman "as administratrix" of her husband, to recover damages for his death, does not relate to his estate; and therefore execution on a judgment in favor of defendants for costs cannot be issued against plaintiff in her representative capacity, though the judgment was rendered against her "as administratrix" of decedent.

Application by John G. McCullough and others, as receivers of the New York, Lake Erie & Western Railroad Company, for leave to issue execution against Susan Dorr, as administratrix of Peter Dorr, deceased, on a judgment in favor of petitioners for costs in an action brought by said Susan Dorr, as administratrix, against petitioners, to recover damages for the death of decedent. Denied.

Sprague, Moot, Sprague & Brownell, for petitioners.
Leroy Parker, for the administratrix.

MARCUS, S. Susan Dorr brought an action against the receivers of the Erie Railway Company for the negligent killing of her husband, the result of which was favorable to the railway company, the plaintiff having failed to sustain her action. 40 N. Y. Supp. 806. A judgment for costs was obtained against her, and an application

is now made for leave to issue execution. The judgment obtained, and upon which leave to issue execution is asked for, is in favor of the petitioners against Susan Dorr, as administratrix of the goods and chattels of Peter Dorr, deceased. It is clear that this judgment was not obtained in an action relating to the estate of decedent, within the authority of In re Jansen's Estate (Surr.) 9 N. Y. Supp. 451; and therefore this court cannot allow an execution to issue for the costs of the action against the administratrix in her representative capacity. Application for leave to issue execution denied, with costs to contestants.

Application denied, with costs.