## MUNDT v. GLOKNER.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

ABATEMENT—ACTION FOR WRONGFUL DEATH.

    The cause of action existing by virtue of Code Civ. Proc. § 1902, to recover damages for a wrongful act causing the death of a decedent, is given solely to the executrix or administrator of the deceased, though by section 1903 the damages recovered are exclusively for the benefit of the decedent's husband, wife, and next of kin; and where the administrator is the father, and thus the sole next of kin of a decedent who left brothers and sisters, but no wife or children, surviving him, and he dies pending such an action, it does not abate, but may be reviewed in the name of his successor as administrator.

    O'Brien, J., and Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Sigmund M. · Mundt, administrator, against Gertrude Glokner. From a judgment (44 N. Y. Supp. 430) dismissing the complaint on the merits, and an order granting leave to serve supplemental answer, and an order charging costs against the plaintiff personally, he appeals. Reversed.

    The action was originally brought by Edward M. Mundt, as administrator, under section 1902 of the Code of Civil Procedure, to recover damages for the alleged negligence of the defendant, resulting in the death of the plaintiff's intestate, Martin M. Mundt. Such negligence consisted in selling to the plaintiff's intestate 10 grains of morphine, by mistake, for 10 grains of quinine. The intestate died on June 26, 1892, leaving, him surviving, Edward M. Mundt, his father, his sole next of kin, and also some brothers and

sisters. This action was commenced in January, 1894; and the former plaintiff (the father) having died on May 22, 1895, the present plaintiff, a brother of the deceased, was substituted on November 13, 1896. Subsequent to the death of the father, the defendant moved at special term for a dismissal of the complaint, on the ground that the action had thereby abated, or, in the alternative, for leave to serve a supplemental answer, which latter relief was accorded, and the order entered thereon is one of those appealed from. Upon the trial, after the introduction of evidence of the letters of administration granted to the former and present plaintiffs, and on the admission of plaintiff's counsel as to the death of Edward M. Mundt, the defendant's counsel again moved for a dismissal of the complaint, which was granted; and, pursuant to the order entered thereon, the judgment appealed from was entered. Before the entry of judgment, the defendant moved to have the costs charged against the plaintiff personally, which was granted; and, from the order so entered, an appeal is also taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. Steckler, for appellant.

M. B. Clarke, for respondent.

PATTERSON, J. This action was originally brought by Edward M. Mundt, as administrator, to recover damages, under the statute, for the death of his intestate, alleged to have been caused by the negligence or fault of the defendant. It appeared in evidence that Edward M. Mundt was also the father of the deceased, and it was assumed that any recovery in the action would, of necessity, belong to him exclusively, under the statute of distributions. Edward M. Mundt died, and the action was, by order, revived in the name of the present plaintiff, as administrator de bonis non, etc., of the defendant. The learned judge, at the trial, held the action to be altogether in tort, as it doubtless is, and that, the father being the only person who would be benefited under the statute by a recovery, the ordinary rule should apply that in actions to recover for wrongs to the person the cause of action determines at the death, before judgment, of either the plaintiff or the defendant. The decision of the question involved in this case does not depend solely upon the construction to be given to the words "next of kin," as they are used in section 1903 of the Code of Civil Procedure. By section 1902 of that Code, the right to maintain an action to recover damages for a wrongful act, neglect, or default, occasioning the death of a person under the circumstances mentioned in that section, is given to the executor or administrator of the deceased, and no one else owns that cause of action. No person as next of kin has any standing in court. It is purely a cause of action and right to sue, conferred upon a representative; and it never has been anything other than that. Section 1903 of the Code provides that the damages recovered in such an action are exclusively for the benefit of the decedent's husband or wife and next of kin, and, when they are collected, they must be distributed by the plaintiff as if they were unbequeathed assets left in his hands after the payment of all debts and expenses of administration. This section has been construed to mean that the cause of action given by it is not general assets of the intestate, and is not subject to the payment of debts or the ordinary rules applicable to the

settlement or administration of the estates of deceased persons. Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878. But the amount of a recovery is nevertheless something which goes to an executor or administrator as such, and is to be disposed of by him as such, but only in the particular way pointed out by the statute. In a few words, the cause of action is created by the statute, and by that alone. It never existed before the statute of 1847. The next of kin have no control of the action, and have no legal title to the cause of action. The executor or administrator is the real party in interest, and, thus having the right of action, he is authorized to proceed with that action, and carry it to judgment, and, in case of a recovery when he collects it or realizes it, to distribute it among those entitled under the statute. As said before, the cause of action is conferred upon the representative, and that cause of action becomes fixed in the representative,—is to be enforced by him; and the death of any one particular person who answers the description of next of kin at the time the action is brought does not destroy that cause of action which is conferred on a representative only who, when the action ripens into judgment, the proceeds of which are recovered, then makes distribution according to the statute. If an administrator personally entitled only to a share of the recovery were to die, it would not be contended that the cause of action became extinct. The beneficiaries of the recovery, when not the husband or wife, are "the next of kin" entitled to undistributed assets. Who could bar the right of action by release? That question has been authoritatively answered. "The claim before suit cannot be barred or released, except by some person who is authorized to bring the action at the time, and who, in a legal sense, represents the right of action." Stuber v. McEntee, 142 N. Y. 203, 36 N. E. 879. All the right to the cause of action vests, as said before, in the representative. The statute has made the cause of action a property right of the executor or administrator. The liability of the defendant is one to the intestate's estate, not a property right of the intestate himself. A recovery, when collected, is to be disposed of as undistributed assets.

The question of the survival of the cause of action was not properly disposed of in the court below; and, for that reason, the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

WILLIAMS and INGRAHAM, JJ., concur.

O'BRIEN, J. (dissenting). Upon the main question as to whether, upon the death of the father, Edward M. Mundt, this action abated, we have to aid us the well-reasoned opinion of the learned trial judge, and the principles to be applied to the determination of such a question laid down in the leading case of Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787. That action was brought by the plaintiff, as administratrix, to recover damages for the death of her intestate, which the complaint alleged was caused by the negligence of the defendant's testator. The defendant demurred, claiming that the cause of

action did not survive the death of the wrongdoer. It was therein held (headnote) that "the cause of action given by the statute (Laws 1847, c. 450; Code Civ. Proc. § 1902) to the representatives of a decedent, whose death was caused by the negligence of another, abates upon the death of the wrongdoer, and an action cannot be maintained against his representatives." Although that was the express point decided, Ruger, C. J., in delivering the opinion of the court, gives the history of the statutory modifications in this state of the rule of the common law as to the survivability of actions, and collates the authorities upon the subject. The test as deduced by him is that survivability is to be determined by the nature of the cause of action, and that the only tort actions which do not abate are those involving an injury to property rights. In each case it is necessary, first, to determine whether the action sounds in contract or in tort. If the latter, the next question is, is it for an injury to property rights? If not, then it abates upon the death of either party.

Considering the cause of action here, based as it is upon the defendant's wrongful act, it clearly sounds in tort; and we think the conclusion is equally evident that it does not affect the property rights of those in whose favor the action is given. The latter are entitled to receive the pecuniary damage suffered by the next of kin for a wrongful act. Such cause of action is purely the creature of statute, and for the manner and extent of its enforcement we must look in each case to the particular statute which creates it. The Code provision permitting this action requires it to be brought in the names of the personal representatives of the deceased; but it is for the benefit of the husband or widow or next of kin, and not the estate, of the deceased, to recover damages for the pecuniary injury suffered by them, and caused by the wrongful act of another. By the Revised Statutes it is only for wrongs done to the "property rights or interests" of another that an action will survive as against the personal representatives of a deceased wrongdoer; and as to what is meant by "property rights or interests" we have the definition which has received the sanction of the court of appeals, given by Judge Rapallo in Cregin v. Railroad Co., 75 N. Y. 194, that "the rights and interests for tortious injuries to which this statute preserves the right of action have frequently been considered, and it is generally conceded that they must be pecuniary rights or interests, by injuries to which the estate of the deceased is diminished."

When the cause of action here arose, the father, as the next of kin, was entitled to the damages recoverable, though the action in form was brought by him as the representative of the deceased. To the father the damages exclusively belonged; and upon his death, before judgment, there was no one in existence entitled to such damages. If the brothers and sisters are to be held to be such persons, they not having been the sole next of kin when the cause of action arose, their right to any damages, assuming that the action survives, would not be by reason of their being the next of kin of Martin Mundt, but of the fact that they took as distributees of the father, in which event their right to receive the recovery would not be as the personal representatives of Martin Mundt, but as the personal

representatives of their father. It would be necessary, therefore, for us to conclude that before judgment the father had a property right in the cause of action, which upon his death passed to his personal representatives. But to consider such right of the father a property right, or as inheritable, would be doing violence, not only to definitions, but to our preconceived legal views. The only property right possible to conceive of the father possessing would be only such as arose between the death of his son and his own death; and to assume that, even in a proper action, such might be recovered, would involve a division of damages allowed by statute for a wrongful act in a way not sanctioned by any authority. This action, however, is not brought to recover such damages, but such as the new next of kin, upon the death of the father, are entitled to receive, upon the theory, not that they are distributees or representatives of the father, but that the rights conferred by statute upon the next of kin devolve upon them as such. The only basis for this contention is the fact that the action is brought in the name of the deceased person's legal representatives, and not directly by the beneficiary. If here the father could have brought the action in his own name, as the next of kin and the person to whom the damages were to go, it would seem to follow that on his death it would abate, or, if it survived at all, that it would survive in favor of the personal representatives of the father.

We do not think, however, that further discussion is necessary; for the logical deduction to be drawn from the able discussion of the changes effected by statute in the rule of the common law is that it is only such actions in tort as create property rights that can survive the death of either party. And the authority of that case is enforced by two later decisions.

In Brackett v. Griswold, 103 N. Y. 427, 9 N. E. 438, the learned judge writing the opinion says:

"We have decided that those provisions [of the Revised Statutes] affect only injuries to property rights, and, where such are not invaded, the common law still prevails. In that case, while concurring in the result, I thought the statute should receive a broader interpretation, and contemplated survivability as the rule, and abatement as the exception. And the construction finally reached was adopted after full deliberation and argument. It must now be deemed settled, and requires us to hold that the cause of action for the penalty died with the intestate."

And in Wooden v. Railroad Co., 126 N. Y. 15, 26 N. E. 1050, in discussing the question as to the proper person to bring the action, the opinion says, speaking of our own law, wherein the right of action is given to the executor or administrator:

"But it is given to the latter, not in his particular representative character, but solely as trustee, in a case like the present, for the widow and children. Hegerich v. Keddie, 99 N. Y. 267, 1 N. E. 787. It is not a right which survives to the personal representatives, but a right created anew."

Although the precise question here presented was not involved in the case of Hegerich v. Keddie, we must regard these later utterances of the court of appeals as enforcing and supporting the discussion of the principles therein had upon the survivability of actions given by statute. And we might well rest our conclusion upon the

reasoning of the learned trial judge, enforced, as it is, by these decisions of the court of appeals to which we have called attention, and which support his view that, upon the death of the sole person beneficially interested in the recovery under the statute, an action for tort not involving an injury to property rights abated.

In addition to the judgment, we have examined the orders appealed from, and do not think that we should interfere with the disposition made by the judges at special term. We have concluded that the judgment and orders should be in all respects affirmed, with costs.

VAN BRUNT, P. J., concurs.