---

### In re ANDERSON'S ESTATE.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

1. ADMINISTRATORS—ACTION FOR DEATH—SETTLEMENT—ORDERS OF SURROGATE.

An order of the surrogate authorizing settlement of the action by an administratrix for death of her husband, by whom she had then had no issue, should not be vacated on the birth of a posthumous child, there being nothing but an affidavit on information and belief to show that the parties settling with her knew of her pregnancy, and this being denied, the settlement having been made and the money paid to her, and the facts on which the order was made, indicating that acceptance of the sum received would be advantageous to those for whose benefit the action was brought, whether few or many, remaining unaffected and substantially uncontroverted.

Appeal from Surrogate's Court, Kings County.

In the matter of the administration of the estate of Martin Anderson. From an order of the Surrogate's Court made on petition of Martina Anderson, an infant, vacating an order permitting the administratrix to settle for $3,000 an action brought by her against the John N. Robins Company, said company appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Edward P. Mowton, for appellant.
James C. Cropsey, for respondent.

WILLARD BARTLETT, J. The administratrix, being the widow of Martin Anderson, brought a suit against the John N. Robins Company, under section 1902 of the Code of Civil Procedure, to recover damages for negligently causing the death of her intestate. She obtained an order from the Surrogate's Court of Kings county on September 13, 1901, permitting her to accept $3,000 in compromise of her claim in that action. There had been no issue of the marriage

between her and Martin Anderson prior to his death, or at the time she obtained letters of administration upon his estate, or when the order of compromise was made. It appears, however, that she was then pregnant, and that a posthumous child was born in October, 1901. Upon the petition of this child, through a guardian ad litem, the Surrogate's Court in January, 1903, vacated the order authorizing the settlement in September, 1901, on the ground that the fact of the widow's pregnancy was concealed from the surrogate, and that if it had been disclosed it was probable that some other arrangement would have been authorized.

There is no proof in the case that the fact that the widow was with child was known to any of the persons concerned in effecting the compromise, except the widow herself. The charge that they had such knowledge is made on information and belief in the petition of the guardian ad litem, without disclosing the sources of his information or the grounds of his belief. It is wholly unsupported by additional affidavits, and is positively denied by the president of the John N. Robins Company and the gentlemen who represented that company as attorneys in the transaction. There is nothing in the papers to impugn the good faith of the settlement, or to show that the statements which induced the surrogate to make the order of compromise were in any respect untrue. That order has been vacated simply because his successor in office thinks that a different settlement would have been required if the pregnancy of the administratrix had been known. It does not seem to me that this is a sufficient reason for setting aside an order upon the faith of which the appellant has paid $3,000 to the administratrix.

I have grave doubt as to the right of the posthumous child to intervene in the proceedings at all. The next of kin, in the statutory suit for wrongfully or negligently causing death, have no legal title to the cause of action, and no control of the action itself, although it is prosecuted for their benefit. Mundt v. Glokner, 24 App. Div. 110, 48 N. Y. Supp. 940. But, assuming that this child has the requisite legal standing to attack the order of compromise, I think there is an utter failure of proof that it was in any wise injurious to her. The statements of fact on which that order was made remain unaffected and substantially uncontroverted. They indicated that the acceptance of $3,000 from the defendants in the negligence suit would be advantageous to those for whose benefit the action was brought, whether few or many. This infant's petition, through her guardian, contains nothing which justifies a different conclusion. To permit her mother to retain the $3,000 which she had received as administratrix from the appellant, a portion of which she holds for the benefit of this very child, and at the same time to set aside at the instance of the child the order which alone could have induced the appellant to pay the $3,000, seems to me very far from equitable, to say the least.

I think that the order under review should be reversed.

Order reversed, with $10 costs and disbursements. All concur.