Div. 458, 81 N. Y. Supp. 109. The case at bar is in its essential features identical with Feneran v. Singer Mfg. Co., 20 App. Div. 574, 47 N. Y. Supp. 284, and under the decision of that case the evidence in the present case was insufficient to authorize the submission of the issues to the jury.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.

---

### In re SNEDEKER.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. ACTION FOR WRONGFUL DEATH—DISTRIBUTION OF DAMAGES—DEDUCTION OF EXPENSES.

Under Code Civ. Proc. § 1903, providing that the damages recovered for the wrongful death of decedent shall be distributed as unbequeathed assets for the benefit of decedent's wife and next of kin, after deducting therefrom the expenses of the action, an administratrix recovering for the wrongful death of her husband is entitled to deduct from the damages recovered the expenses incurred in procuring necessary medical expert witnesses in the action.

2. APPEAL—APPELLATE DIVISION—AUTHORITY TO SUPPLY OMITTED FINDINGS OF FACT.

Code Civ. Proc. § 993, as amended by Laws 1903, p. 237, c. 85, authorizes the Appellate Division to pass on a question of fact when that is necessary. Section 2586 provides that, where an appeal is taken on the facts from the Surrogate's Court, the Appellate Division has the same power to decide questions of fact which the surrogate had. *Held*, that the Appellate Division, on appeal from a decree of the Surrogate's Court on findings of a referee, may supply findings of fact omitted from the referee's report and the surrogate's decree essential to the case.

Appeal from Surrogate's Court, Kings County.

In the matter of the accounting of Ada May Snedeker, administratrix of Charles Snedeker, deceased. From a decree of the Surrogate's Court settling the accounts, Thomas S. Snedeker appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

A. T. Payne, for appellant.
Charles M. Stafford, for respondent.

HOOKER, J. The respondent is the administratrix of the estate and the widow of Charles Snedeker, deceased. Six months before his death he met with an accident; which he claimed was due to the negligence of one Malcom, by reason of which he was thrown violently from his bicycle in the public street. At that time he was confined to his house but a few days, and the result of the mishap did not appear to any one to be serious. At the expiration of five months and a half he was taken to his bed, and, after an illness of two weeks, died. Dr. John L. Macumber was in attendance upon him in his last illness, and, the incident of the accident having been related to him, he suggested to the widow that, were an autopsy performed, and medical and microscopic examinations had, it might be

demonstrated that Snedeker died as a result of the injuries he sustained six months before. Snedeker's death abated an action he had brought against Malcom for the injuries sustained, and the respondent directed Dr. Macumber to proceed in such manner as he thought proper to effect a determination of the medical questions involved, and signified to him that she would procure her appointment as administratrix, and bring an action against Malcom to recover damages for her husband's death, and then made an agreement with Dr. Macumber in relation to his compensation; which all the parties hereto concede to have been void as against public policy. After two trials, judgment was obtained against the defendant in the suit of the administratrix for damages in the sum of $5,771.95. The deceased having left no children, it appears that the administratrix supposed that, under the provisions of sections 1902 and 1903 of the Code of Civil Procedure, she was entitled, as the widow, to the entire proceeds of the litigation. After the recovery and the payment of the verdict, however, the father of the deceased, who was the nearest next of kin, called her to an accounting before the surrogate, and the Court of Appeals, upon review of the surrogate's decree (63 N. Y. Supp. 580), determined that the father should share equally with the widow, where other next of kin had failed. Matter of Snedeker v. Snedeker, 164 N. Y. 58, 58 N. E. 4. Thereafter the judgment of the Court of Appeals was made that of the Surrogate's Court, and the administratrix filed her accounting, to which the father, who has appealed to this court from the decree of the surrogate, filed objections. The account was referred, and evidence taken before the referee. The decree of the surrogate, entered upon the coming in of the report, confirming the same, is now under review.

By the stipulation of the parties in writing, incorporated with the printed papers, it is agreed that:

"Upon the appeal herein the only question presented for adjudication is the following, 'The item and charge of $1,000 allowed to Dr. John L. Macumber,' which the petitioner has and does object to. In other words, the appellant objects to that part of the decree herein which credits the respondent with the payment to Dr. John L. Macumber of $1,000. All other objections are withdrawn."

Upon the report of the referee, the surrogate disallowed certain items in the account, and allowed certain others. Among the latter was the one of $1,000 paid to Dr. John L. Macumber, as compensation for work, labor, and services he had performed in connection with the litigation.

Section 1903 of the Code of Civil Procedure reads as follows:

"The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, and his commissions upon the residue; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper."

It is under the authority of the language of the last sentence of this section that the administratrix claims the decree of the surrogate

should be affirmed, allowing her to credit herself upon the accounting with this item of $1,000 as part of the expenses of the action. Argument is hardly necessary to establish the principle that a representative of an estate, who maintains such an action, should be credited with attorney's fees, disbursements, and witness fees, together with reasonable compensation for expert witnesses, where they are required, as well as with payment for all other work, labor, and services, of whatever nature they may be, so long as they are incurred in good faith, under a reasonable supposition that the chances of success of the lawsuit would be enhanced by their employment. Without a reasonable interpretation of this rule, representatives of estates would run personal risk of becoming chargeable with expenses which they in many instances properly deemed necessary to be rendered in accomplishing a successful determination of the litigation; and, were such risks apparent, it might easily lead to the imperfect preparation and trial of such cases, and an incomplete protection of the rights of the next of kin, who would be entitled, under section 1903 of the Code, to share in the proceeds. In the case under review, Dr. Macumber rendered extremely valuable medical services to the administratrix. It appears undisputed from the evidence that, without services of this nature being rendered by some one, the action must have failed. The doctor, undisputed, testified on the hearing before the referee as follows:

"I worked the case up; studied it up; talked with Dr. Evans, and he came up to see if there was anything in the heart or lungs to produce this condition in the brain. And after he was dead, Professor Van Cott came into the case, and he made the autopsy; and, because Dr. Little attended him in his first sickness, I requested him to be there, and I was there. There were diseased spots in his brain, and it was impossible to determine whether his death resulted from an injury which occurred six months before, and which permitted him to go about his business until a short time before his death. Professor Van Cott took sections of the brain and different parts of the body—the heart, lungs, and all the vital organs—and took them to the laboratory, hardened them, and prepared them for work with the microscope, and after several months he reported to me that the findings in the brain were sufficient to connect the death with the accident; that there were evidences of a hemorrhage having taken place in the brain, one on either side of the brain, and had found the blood changes, and he could definitely state that at a time before his death he had hemorrhages that could not be determined with the naked eye; it had to be determined with the microscope."

In answer to a question as to the fair and reasonable value of the services he had performed in that case, he testified that the charge was very reasonable indeed, because it was a case that stretched over a long period of time, and added:

"It was a case in which the medical testimony decided the matter, and there were other medical experts on the other side. They said it was not so, and it devolved on me to say that it was so. I was working on it a good deal of the time over a year, and I lost a good deal of time going to court. We not only had to prove these things, but we had to disprove the testimony of the others. The family physician came in and stated what his health was. He said he had operated on him for appendicitis some time before. The autopsy showed that he had never had anything the matter with his appendix. He stated in court that the appendix was so diseased that it could not be removed. We had to bring up all these things to discount the medical testimony of the other side."

There is evidence in the record that the value of Dr. Macumber's services was $1,000, and nowhere did the appellant, before the referee, urge that the charge was excessive or exorbitant, or offer any testimony to dispute the evidence of value.

There is no finding of the referee or the surrogate that these services were of the value ascribed to them. The decree allowing that sum to the administratrix should nevertheless be affirmed. Section 993 of the Code of Civil Procedure, as amended by chapter 85, Laws 1903, p. 237, authorizes the Appellate Division to pass upon a question of fact where that is necessary. That section provides, in part, as follows:

"The Appellate Division of the Supreme Court shall, on appeal from a judgment entered on the report of a referee, or the decision of a court on such trial, review all questions of fact and of law, and may either modify or affirm the judgment or order appealed from, award a new trial, or grant to either party the judgment which the facts warrant."

We are of the opinion that it should be taken as a fact in this case that the services rendered were of the value indicated. Section 2586 of the Code of Civil Procedure, relating to appeals from the Surrogates' Courts, provides:

"Where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact, which the surrogate had; and it may, in its discretion, receive further testimony or documentary evidence, and appoint a referee."

Under the authority of the two sections we have quoted, it can hardly be doubted that we have the power to supply any finding of fact omitted from the referee's report or decision, and the surrogate's decree, essential to the case.

The view we take of the dispute renders it unnecessary to pass upon the legal questions discussed by the referee, upon which he sought to uphold the claim of the administratrix to the $1,000, which he finds had already been paid to Dr. Macumber. The decree should therefore be affirmed.

Decree of the Surrogate's Court of Kings county affirmed, with costs. All concur.