1. DEATH—WRONGFUL DEATH—PROCEEDS OF ACTION—DISTRIBUTION.

.The only money received by an administratrix was that recovered on settlement of an action for wrongful death. *Held*, that under Code Civ. Proc. § 1903, as amended, the surrogate alone had authority to determine the sum to be allowed from such money for funeral expenses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 138.]

2. ADMINISTRATORS—ACCOUNTING.

Under Code Civ. Proc. § 1903, as amended, the surrogate having sole jurisdiction to require the administratrix to deduct reasonable funeral expenses of deceased from sum awarded in settlement of claim for his wrongful death, a motion to postpone settlement by the administratrix until determination of an action to recover the funeral expenses, or because notice to creditors had not been given, would be denied.

In the matter of the judicial settlement of the estate of William McDonald. Decree rendered.

Thomas S. Fagan, for administratrix.

D. F. McLennan, for Edward F. Gaynor and Syracuse Casket Company, creditors.

J. K. Long, special guardian.

HEATON, S. This proceeding was instituted for a judicial settlement of the accounts of the administratrix. The Syracuse Casket Company, claiming to be a creditor of the deceased, was cited in this proceeding by direction of the surrogate, and appears.

The intestate was killed in Syracuse on the 13th day of June, 1905, and the funeral was furnished by one Gaynor at an expense of $291, and the claim therefor assigned to the Syracuse Casket Company. On the 26th day of June, 1905, the widow, who was a resident of this county, as was also her husband, applied for limited letters of administration, and the same were granted to her on that day. Thereafter, on the 25th day of April, 1906, such claim for funeral expenses was presented to her, and she refused to pay the same, and suit was thereupon brought against her as such administratrix in the Supreme Court of Onondaga county to recover therefor. On the 21st day of March, 1906, the administratrix was permitted to compromise and settle her cause of action against the employers of the deceased for negligently causing his death, for the sum of $1,200, and she gave an additional bond to cover the amount of such recovery. When this proceeding came on for hearing, it appeared that no money or other property of the deceased had come to the hands of the administratrix, and that her account contained but the one item of receipt, namely, the amount recovered as damages, and but a single item of disbursements, namely, the amount paid for the expenses of collecting the damages.

The claimant moved, first, to dismiss the proceedings on the ground that one year had not expired since the granting of letters, and, as no notice to creditors had been published, that the surrogate had no jurisdiction to make a decree of distribution; second, for an adjournment of the proceedings pending the trial of the Supreme Court action. The

administratrix claimed that, as there had been no property of the deceased received by her, this was a proceeding to distribute damages under section 1903 of the Code, and that the claimant was not an interested party and could not be paid his claim from the fund in court. Where the deceased leaves no estate, and the only money or property which is in the hands of the administrator is the proceeds of the recovery, the proceeding for its distribution is not governed by the general rules applicable to the settlement of estates, but is a special proceeding, provided for by section 1903, and the jurisdiction of the surrogate is limited and restricted to the terms of that section and to making the decree therein provided for. The money so received does not become general assets of the state. It is not subject to the payment of the debts of the deceased, nor to the ordinary rules applicable to the settlement and administration of the estates of deceased persons. Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878; Mundt v. Glokner, 24 App. Div. 110, 48 N. Y. Supp. 940.

The cause of action is not one in relation to the estate of the deceased, and is not for the benefit of persons interested in such estate as creditors or otherwise; but the representative acts solely as trustee for the specified beneficiaries, for whose exclusive use the recovery may be had. Matter of McCullough, 18 Misc. Rep. 721, 43 N. Y. Supp. 968; Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25. From these authorities it is apparent that this recovery is no part of the estate of the deceased, and therefore the provisions regulating the settlement of the estates of deceased persons cannot apply—that is, cannot be used or taken to pay the debts of the deceased—and, therefore, there need be no advertisement for creditors.

The motion of the claimant to dismiss the proceeding for lack of jurisdiction is denied.

Shall the motion to postpone this hearing to await the result of the action in the Supreme Court be granted? If the funeral expenses are not a charge against this fund, then the action in the Supreme Court will not result in a judgment which will make them such a charge, and the position of the claimant in this court will not be changed. If such expenses are a charge upon the fund, and can be allowed without the consent of the administrator, then the surrogate has sole authority under the section to determine the sum to be allowed for the reasonable funeral expenses, and to direct their payment. The surrogate must either determine and enforce the rights of the claimant to payment, or adjudge that he has no remedy in this or any other court as against this fund. Code Civ. Proc. § 1903, makes the damages recovered the exclusive property of the widow and child of the deceased, and provides that the plaintiff administratrix must distribute the amount recovered as if it was unbequeathed assets left in her hands after payment of all debts and expenses of administration, except that she may deduct therefrom the expenses of the action, the reasonable funeral expenses of the deceased, and her commissions upon the residue. These deductions must be allowed by the surrogate upon such notice as he directs.

Where the plaintiff administratrix deducts the expenses of the action and of the funeral in her account, and no objection to the necessity or reasonableness of the charge is made by any of the next of kin,

such charges are by express authority of the statute payable from the fund; and, if objection is filed to any of the items thereof, the surrogate may try the question of the necessity and reasonableness of such charges and determine the amount of the credit to be allowed; but the right in such a case to have such expenses, when properly determined as to amount, paid from the fund, is settled by the section itself.  Matter of Snedeker, 95 App. Div. 149, 88 N. Y. Supp. 847; Lee v. Van Voorhis, 78 Hun, 575, 29 N. Y. Supp. 571, affirmed 145 N. Y. 603, 40 N. E. 164.  Where, however, the plaintiff administratrix fails to pay the expenses of the action or the funeral expenses, and does not seek to deduct them from the recovery, but resists their allowance and deduction, is the charge upon the fund abrogated and the remedy of the claimant lost?

The amendment charges the funeral expenses upon the fund, where there is no general estate from which they can be paid, for the following reasons:

First.  The amendment places the funeral expenses upon the same footing as the expenses of the action, and the latter expenses may be deducted without the consent of the plaintiff.  In Lee v. Van Voorhis, 78 Hun, 575, 29 N. Y. Supp. 571, affirmed 145 N. Y. 603, 40 N. E. 164, the court said:

"And section 1903 provides that the amount of his [the attorney's] claim shall be deducted from the recovery by the administrator."

While the case is not exactly in point, the Court of Appeals in Lee v. Vacuum Oil Co.,.126 N. Y. 579, 587, 27 N. E. 1018, 1019, made this remark concerning the relation of the recovery to the attorney's charges in this class of cases:

"They [the attorneys] now have recourse to an ample fund provided by the settlement for the payment of their lawful charges."

Second.  It is conceded that the section charges both classes of expenses upon the fund provided the plaintiff administratrix consents thereto.   If the right and remedy of the claimant in either case is dependent upon the honesty, initiative, or consent of the plaintiff, and that remedy can be defeated by the dishonesty, self-interest, or refusal to act of the plaintiff, then no right or remedy is conferred upon the honest claimant by the section.   Such a construction would make the last words of the section meaningless, as in no case would either of such claimants be entitled to notice, even if the account showed that either or both had not been paid.   In such case the husband or wife and next of kin, other than the plaintiff administratrix, would be the only person entitled to be cited, and no discretion would rest with the surrogate.

Third.  The charge is not dependent upon the consent of the plaintiff, for the provision is intended for the benefit and protection of the attorney and undertaker, and not the protection of the plaintiff alone.  The section amended is, like many sections of the Code, incomplete and incongruous, due to the fact that the original language applied to the procedure when nothing was charged upon the fund but the expenses of the action.   Those expenses must necessarily have been

incurred by the plaintiff; and making them a charge on the recovery was for the protection as well as for the benefit of the attorney, so that the plaintiff, having employed the attorney, might compensate him from the fund. There was every reasonable presumption that the plaintiff would seek to have the expenses of the action deducted. When, in 1904, the words "the reasonable funeral expenses of the decedent" were inserted, the language of the section was not changed, although a different element was brought into it. It was no part of the duty of the plaintiff administratrix, as such, to incur liability for funeral expenses. She might or might not peronally incur the debt, and there might or might not be a general estate from which such expenses could be paid. The permissive language of the section was not changed to the imperative, although the payment of a claim was provided for which it might be against the interest of the plaintiff to have paid from the fund. There was no intention of charging the funeral expenses upon the recovery if the deceased left general assets, and hence the duty to deduct them is not imperative. But, since so many people accidentally killed left no estate, it was found to be unjust that no provision for the burial of the body could be made, although a large sum of money might come to the hands of the plaintiff administrator for distribution.

Respect for the dead and for the sanitary laws requires the burial of a dead body, and the law charges the expenses thereof, as a preferred claim, upon such estate as a man leaves behind him. Such a lien or charge is not in favor of or for the benefit of any person of a designated class, but for the benefit of whomsoever performs that act of respect and legal duty. Since, then, the Legislature has made such expenses a charge upon the recovery when presented for allowance by the administratrix, we must conclude that the Legislature intended to make them a charge upon the fund when they had not been paid by the administratrix, and were presented by any other person lawfully entitled to payment thereof.

Fourth. It was intended by the section that all questions arising concerning the expenses of the action and of the funeral should be determined in this special proceeding, which is the only one giving a remedy to these two classes of claimants in such a case, and which provides a simple method of procuring payment through the agency of the plaintiff, who alone has the custody and control of the money. In the recent case of Alfson v. Bush Co., 182 N. Y. 393, 397, 75 N. E. 230, 231, 108 Am. St. Rep. 815, the Court of Appeals, though not deciding that point, made this statement:

"By this section (1903) the damages recovered, while not subject to payment of the debts of the deceased and the general expenses of administration, are charged with the expenses of the action, the reasonable funeral expenses of the deceased, and the commissions of plaintiff on the residue."

Fifth. The plaintiff administratrix has the right to deduct the reasonable funeral expenses. Having such right, it becomes her duty to do so, and the surrogate may require her to do the duty. Any other construction would permit the plaintiff administratrix to repudiate her

express contract when she came to her accounting, and thereby to profit by her own wrong.

I therefore hold that the surrogate has jurisdiction to direct the allowance and payment of the claim for funeral expenses, when its reasonableness has been established, and that this proceeding should be continued to a decree.

Decreed accordingly.