## BANK OF WAYNE v. GOLD.

(Supreme Court, Appellate Division, Fourth Department.   July 11, 1911.)

1. BANKRUPTCY (§ 159*)—"CREDITOR"—INDORSER.

An indorser on a bankrupt's matured note which is without other security is a "creditor" within the meaning of Bankr. Act July 1, 1898, c. 541, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3418).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 159.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622–7623.]

2. BANKRUPTCY (§ 165*)—VOIDABLE PREFERENCES—PAYMENT FOR BENEFIT OF INDORSER.

To constitute a preferential transfer, it is immaterial to whom the transfer is made, if it be made to pay the claims of one creditor in preference to those of others, and where a bank at the instance of a director, who was liable as an indorser on the matured note of a corporation otherwise unsecured, makes a loan to the corporation on the security of a chattel mortgage, in order to relieve the indorser from his matured liability, the transaction being in bad faith and not in the ordinary course of business, the mortgage if within four months of bankruptcy is a preference under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Cong. Feb. 5, 1903, c. 487, § 13, 32 Stat. 789 (U. S. Comp. St. Supp. 1907, p. 1031), and the mortgagee after voluntarily relinquishing the possession of the mortgaged property to the trustee in bankruptcy cannot recover the proceeds of its sale.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 165.*]

3. BANKRUPTCY (§ 306*)—ACTION AGAINST TRUSTEE—FINDINGS TO SUPPORT JUDGMENT.

On appeal in an action by a chattel mortgagee against a trustee in bankruptcy, where there is no specific finding that the mortgagee took the security, having reasonable cause to believe that by such transfer a preference was intended, but where the evidence leads to no other conclusion, and it clearly appears from the opinion of the trial court that it so determined, such finding, if necessary to support a judgment, will be supplied.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 306.*]

4. BANKRUPTCY (§ 169*)—PREFERENCES—PREFERRED CREDITORS—SET-OFF OF NEW CREDIT.

Where a creditor who has taken a preferential chattel mortgage voluntarily relinquishes the mortgaged property to the mortgagor's trustee in bankruptcy without then making any claim on account of expenditures and advances in connection with the mortgaged property while in his possession and before bankruptcy proceedings were begun, and the trustee has sold the property, the preferred creditor has no remedy under Bankr. Act July 1, 1898, c. 541, § 60c, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446); his remedy, if any, for the collection of such amounts, being by presentation against the estate in the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 169.*]

McLennan, P. J., dissenting.

Appeal from Special Term, Wayne County.

Action by the Bank of Wayne against W. A. Gold, as trustee in bankruptcy of the W. A. Bostwick Glass Company, a bankrupt. Judgment for defendant, and plaintiff appeals. Affirmed.

The action was to recover of the trustee in bankruptcy of the W. A. Bostwick Glass Company the sum of $1,615.42, the proceeds of prop-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty taken possession of and sold by him as property of the bankrupt. Plaintiff's claim to the fund is predicated upon a chattel mortgage covering the property so sold by the trustee, given to it by the bankrupt within four months prior to the filing of the petition in the proceedings in which the W. A. Bostwick Glass Company was adjudicated a bankrupt.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles P. Williams, for appellant.

Charles L. Nicholls (Erwin S. Plumb, of counsel), for respondent.

ROBSON, J.  That the W. A. Bostwick Glass Company was insolvent at the time it gave to plaintiff the chattel mortgage in question, and that plaintiff then had reasonable cause to believe, and in fact is chargeable with actual knowledge, that the enforcement of the mortgage would operate as a preference, and that a preference was thereby intended within the meaning of that term, as defined by section 60 of the bankruptcy act, is amply shown by the proofs presented to the trial court.

[1] It is true that the mortgage was given as collateral security for the payment of money then loaned the glass company by plaintiff, and that plaintiff's claim was not a precedent indebtedness.  But it clearly appears that the loan was made by the plaintiff primarily upon the solicitation of Mapes, a director of both plaintiff and the glass company, for the known purpose of paying therewith a prior indebtedness of the glass company for the payment of which Mapes was liable as indorser, and which was otherwise unsecured.  The note representing this claim had then matured, and renewal, or extension thereof, had been refused.  Mapes, as such indorser, was a creditor of the glass company within the meaning of that term as used in the bankruptcy act.  Kobusch v. Hand, 19 Am. Bankr. Rep. 379, 156 Fed. 660, 84 C. C. A. 372, 18 L. R. A. (N. S.) 660.

[2] Mapes also indorsed the glass company's note which plaintiff took when it made the loan.  Mapes was therefore still a creditor of the glass company, and if, instead of the glass company's giving plaintiff the chattel mortgage as collateral to the note, it had given Mapes a mortgage to secure him for his indorsement, there could be no question that a preference, voidable at the option of the trustee, would have been created.  But the effect of the transaction as it was actually carried out was as to Mapes not essentially different from that which would have resulted in the case supposed.  The evidence warrants a finding that plaintiff made the loan and took the mortgage security, not in good faith and in the ordinary course of business, but for the purpose in that way of indirectly securing to Mapes a preference by lessening his ultimate liability as indorser by the amount plaintiff might realize on its mortgage security.  "To constitute a preferential transfer, it is immaterial to whom the transfer is made, if it be made for the purpose of paying the claims of one creditor in preference to those of others."  Collier on Bankruptcy (8th Ed.) 666;  In re Lynden Mercantile Company (D. C.)

19 Am. Bankr. Rep. 444, 156 Fed. 713; In re Beerman (D. C.) 7 Am. Bankr. Rep. 431, 112 Fed. 662; Hackney v. Raymond Bros. Clarke Co., 68 Neb. 633, 637, 94 N. W. 822, 99 N. W. 675.

[3] Though the decision of the trial court contains no specific finding that plaintiff made the loan to the glass company and took the mortgage security having reasonable cause to believe that by such transfer to it a preference in favor of Mapes was intended, yet it clearly appears from the opinion of the court that the court so determined. The evidence leads to no other conclusion, and, if necessary to support the judgment, such finding may be considered as now supplied. Matter of Snedeker, 95 App. Div. 149, 88 N. Y. Supp. 847.

[4] Counsel for appellant further urges that in any event it was entitled to recover certain advances made by it in connection with the mortgaged property after it had taken possession thereof under the mortgage, and before the bankruptcy proceedings were begun. This claim is made under subdivision "c" of section 60 of the bankruptcy act. Reference to this provision of the act discloses that the further credit given the debtor by the creditor, which may be set off as therein provided, must not only be given in good faith and without security, but must also result in property which becomes a part of the debtor's estate. Collier on Bankruptcy (8th Ed.) 677. Whether any recovery for such alleged expenditure could in any event be had in the present action it is unnecessary now to determine; for the proof does not disclose that any part thereof resulted in any advantage to, or increase of, the mortgaged property. Having apparently voluntarily relinquished possession of the mortgaged property without then making any claim on account of such expenditure and the proceeds of the sale being now in the possession of the trustee, it would seem that the proper method to collect such amount, if any, as it may be entitled to receive because of this claim would be by presentation thereof in the orderly course of the administration of the bankrupt's estate in the bankruptcy court.

Judgment affirmed, with costs. All concur except McLENNAN, P. J., who dissents.