### CUNNINGHAM v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. April, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 26*) — APPOINTMENT — SECURITY — ACTIONS—STATUTORY PROVISIONS.

   An action to vacate satisfaction of judgments rendered in an action for negligent death is within Code Civ. Proc. § 2664, providing for the giving of security by an administrator, granted a right of action by a special provision of law, and limited letters of administration may be issued to entitle the administrator to maintain the action.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 144–170; Dec. Dig. § 26.*]

2. COURTS (§ 472*)—EXCLUSIVE JURISDICTION—ACTION FOR NEGLIGENT DEATH —DISTRIBUTION OF PROCEEDS.

   Under Code Civ. Proc. §§ 1902, 1903, authorizing an action for negligent death for the benefit of enumerated persons, and declaring that the damages recovered shall be distributed as unbequeathed assets, etc., the surrogate has exclusive jurisdiction to determine and allow for the expenses of an action for death resulting in judgment for plaintiff, and the Supreme Court has no jurisdiction, and an order made by it is void for want of jurisdiction of the subject-matter, and a payment made pursuant to the order does not discharge the liability.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. § 472.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. JUDGMENT (§ 898*)—SATISFACTION—VACATION—CREDITS.

Where an administrator, obtaining a judgment for the negligent death of his intestate, expended his own money for the benefit of decedent's next of kin, and he had not been reimbursed therefor, the court, in vacating satisfaction of the judgment on the ground that the payment made under a void order did not release the judgment debtor from liability, could not allow the judgment debtor a credit for the sum expended by the administrator.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1714–1717; Dec. Dig. § 898.*]

Action by John J. Cunningham, as administrator de bonis non of Edwin L. Coolidge, deceased, against the City of New York, to vacate three satisfaction pieces. Judgment for plaintiff.

Alfred L. Marilley, of New York City, for plaintiff.

Archibald R. Watson, Corp. Counsel, of New York City (Leon G. Godley, of Brooklyn, of counsel), for defendant.

GIEGERICH, J. The action is in equity to vacate certain satisfactions of judgments, on the ground that the person who executed the satisfaction pieces had no authority to do so, and to have the lien of the judgments restored. It appears that on May 27, 1902, one Edwin L. Coolidge was killed upon the public highway in the borough of Manhattan, city of New York, by reason of the negligence of the defendant. He died intestate and at and immediately previous to his death he was a resident of the county of New York, and left him surviving his widow, Mary E. Coolidge, and four infant children. Letters of administration upon his estate were thereupon issued to the widow by one of the surrogates of the county of New York, and she then, through Powers & Hoff, her attorneys, brought an action in this court, under section 1902 of the Code of Civil Procedure, against the city of New York and others to recover damages for the death of the said intestate. Messrs. Powers & Hoff were succeeded as attorneys for the plaintiff by Mr. Edmund W. Powers, who prosecuted the action to judgment in favor of the plaintiff against the defendants, who appealed to the Appellate Division, which reversed the judgment as against the city of New York and ordered a new trial as to it. 99 App. Div. 175, 90 N. Y. Supp. 1078. Pending the decision on said appeal, Mr. William B. Waring was substituted as attorney for the plaintiff by an order of this court entered October 14, 1904. Such order also provides:

"That the one-third portion of the judgment of $24,888.21 heretofore rendered and entered in the clerk's office of the county of New York on January 29, 1904, or any judgment that may hereafter be obtained and enforced in the above-entitled action, be set aside and deposited in the office of the city chamberlain of the city of New York, N. Y., as security for the payment of such claims and liens thereon of said attorneys, Edmund W. Powers, Esq., and Charles L. Hoff, Esq., as shall be adjudged and determined by the court and its referee to be appointed herein for that purpose."

A referee was also appointed by the said order "to ascertain and determine the extent, character, and value of the services of the said Powers & Hoff, respectively, and the amounts of their respective

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

disbursements in the action." No appeal was taken from the said decision of the Appellate Division, and pending the second trial the widow died, and William J. Parks, her brother, was by an order made by one of the surrogates of the county of New York appointed administrator de bonis non of the goods, chattels, and credits of the said deceased left unadministered by the said Mary E. Coolidge, but with powers limited to the purposes alone of the prosecution of said cause of action for the benefit and on behalf of the heirs and next of kin of the said deceased; and pursuant to that order letters of administration de bonis non were issued to the said Parks, with the powers expressed in the margin thereof, as follows:

"These letters issued with power to prosecute only, and not with power to collect or compromise."

The action was thereupon revived in the name of Parks as such administrator, and by him, through William B. Waring, as his attorney, again prosecuted to a judgment against the city of New York for $18,-653.69. The city appealed to the Appellate Division, which affirmed the judgment, and a judgment was entered against the city for $117.55 costs. The city then appealed to the Court of Appeals, which also affirmed the judgment, and a further judgment for costs, amounting to $139.90, was entered upon the affirmance of the judgment on February 8, 1907. On March 6, 1907, the three said judgments amounted, with interest, to $20,712.31, and the city, in order to obtain their cancellation of record, paid one-third of said judgments, amounting to $6,904.10, to the city chamberlain, pursuant to the said order of October 14, 1904, to secure the payment of the charges of Messrs. Powers & Hoff, and the other two-thirds to William B. Waring, the said attorney, by three warrants aggregating $13,808.21, and payable to—

"William J. Parks, as administrator de bonis non of the goods, chattels, and credits of Edwin L. Coolidge, deceased, or William B. Waring, attorney."

Such three warrants were indorsed by Waring as attorney and collected by him. Parks testified that he did not receive any part of the said fund of $20,712.31, and it appears that no part of it ever came into the hands of the next of kin of the said deceased, and that no part of it was expended for their benefit. The docket of the three said judgments was subsequently canceled of record by the filing of satisfaction pieces executed by Waring as attorney for William J. Parks, as administrator de bonis non. Waring died on November 12, 1908, and after his death it was discovered that he had satisfied the three said judgments and received the sums above mentioned. Parks then took steps to have the present action brought against the city, and, as part of the procedure to that end, his letters were revoked on his consent. The plaintiff, John J. Cunningham, was then appointed in his stead, and to him were issued letters of administration, likewise limited to prosecute only and without power to collect or compromise. After qualifying, the plaintiff instituted this action.

[1] The city contends that the limited letters of administration so issued to the plaintiff do not entitle him to maintain this action. In support of such contention it is urged that since the surrogate, by sec-

tion 2664 of the Code, is, in issuing limited letters of administration, restricted to cases where a right of action is given by special provision of law, and since there is no special provision of law authorizing an action of this kind, the plaintiff has no power to maintain the action and that the surrogate had no jurisdiction to issue limited letters for the maintenance of such an action.

It is further claimed that the case of Kirwin v. Malone, 45 App. Div. 93, 61 N. Y. Supp. 844, supports such view. I think, however, that the present cause of action must be held to be within the meaning and intent of section 2664 of the Code of Civil Procedure, which authorizes the granting of limited letters of administration. That section, so far as applicable, provides as follows:

"A person appointed administrator, before letters are issued to him, must file his official oath, execute to the people of the state and file with the surrogate the joint and several bond of himself and two or more sureties in a penalty fixed by the surrogate, not less than twice the value of the personal property of which the decedent died possessed and of the probable amount to be recovered by reason of any right of action granted to an executor or administrator by special provision of law. * * * But where a right of action is granted to an executor or administrator by special provision of law, if it appears to be impracticable to give a bond sufficient to cover the probable amount to be recovered, the surrogate may, in his discretion, accept modified security and issue letters limited to the prosecution of such action, but restraining the executor or administrator from a compromise of the action and the enforcement of any judgment recovered therein until the further order of the surrogate on additional further satisfactory security."

I have given the last above quoted paragraph of said section as it was intended to be, instead of in the erroneous form which is printed in the Code (see note to section 2664). The original action to recover damages for the death of the intestate was clearly within the purview of said section, and the present action is ancillary to the first. In this view the case of Kirwin v. Malone, supra, cited by the city, is clearly inapplicable. If the construction contended for by the city were upheld, it would follow that, although the surrogate had the undoubted power to grant letters limited to the prosecution of the original action, he was bound either to grant unlimited letters for the enforcement of the present cause of action or to grant none at all.

I do not think that such a construction of the statute is warranted. Section 2664 of the Code deals with two classes of property: First, personal property of which the decedent died possessed; and, secondly, the probable amount to be recovered by reason of any right of action granted to an executor or administrator by special provision of law. This classification was evidently intended to cover all property rights enforceable by the representatives of the decedent, and the surrogate is authorized to grant limited letters with respect to the second class only. Kirwin v. Malone, supra. The present cause of action certainly does not fall within the first class above mentioned, but, in my view, it is within the purview of the other classification. If so, it is within the further provision of the same section of the Code, which was evidently intended to authorize the granting of limited letters in all cases embraced within the latter class. The objection that the surrogate was without jurisdiction to grant limited letters in the present

case and that the plaintiff is therefore without capacity to maintain this action is, I think, not well taken.

[2] I am further of the opinion that the order of this court of October 14, 1904, in so far as it provided for the determination by this court of the fees of the plaintiff's attorneys in the former action and for the deposit of part of the moneys recovered to secure such fees, was made without jurisdiction of the subject-matter and was therefore void. The action was purely statutory, and the statute provided for the disposition of any damages collected. Code Civ. Proc. §§ 1902, 1903. Section 1902, so far as applicable, provides as follows:

"The executor or administrator of a decedent who has left him or her surviving a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

Section 1903 provides as follows:

"The damages recovered in an action brought as prescribed in the last section are exclusively for the benefit of the decedent's husband or wife and next of kin, and when they are collected they must be distributed by the plaintiff as if they were unbequeathed assets left in his hands, after payment of all debts and expenses of administration, subject, however, to the following provision, to wit: In case the decedent shall have left him surviving a wife or a husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband. The plaintiff may deduct from the recovery the reasonable expenses of the action, the reasonable funeral expenses of the decedent and his commissions upon the residue, which must be allowed by the surrogate, upon notice, given in such a manner and to such persons as the surrogate deems proper."

By section 1903 the surrogate was given sole jurisdiction to determine and allow for the expenses of the action, and this court consequently had no jurisdiction to make any determination upon that subject. Matter of McDonald, 51 Misc. Rep. 318, 101 N. Y. Supp. 275. I conclude, therefore, that these provisions of the order being not merely erroneous, but void for want of jurisdiction of the subject-matter, the city is not protected by the payment made to the chamberlain, pursuant to the order. The payment of the balance of the judgment to the attorney for the former administrator, who had only limited letters, was, of course, unauthorized, and the city was not discharged by such payment. Lowman v. Elmira C. & N. R. R., 85 Hun, 188, 32 N. Y. Supp. 579, affirmed on opinion below 154 N. Y. 765, 49 N. Y. Supp. 1099.

I am asked, however, to allow the city for the reasonable value of the services of counsel rendered in the former action; such counsel having been paid out of the moneys paid by the city to the attorney for the former administrator in supposed satisfaction of the judgments. As already shown, however, the determination of the expenses properly chargeable against the proceeds of the action is a matter of which the surrogate is given exclusive jurisdiction.

[3] I am further asked to allow the city a credit of $2,500 claimed to have been expended by the former administrator out of the moneys received in the action for the benefit of the infants who are the next

of kin of the decedent. But the former administrator testified that he had made these expenditures from his own moneys and had never been reimbursed for them. It follows that the plaintiff is entitled to judgment as demanded in the complaint, with costs. It is suggested in the brief submitted in behalf of the city that, in case it is determined that the plaintiff is entitled to judgment, it would be simpler if, instead of vacating the satisfactions of the judgments, that this court determine the amount the city should pay and render a money judgment accordingly. One of the difficulties with this suggestion is that, even if the next of kin were before the court and had received the notice required by section 1903 of the Code, this court would not have any jurisdiction to determine "the reasonable expenses of the action" in which the said judgments were obtained, the surrogate alone having the power to do so.

Submit requests for findings, with proof of service, within five days after the publication of this opinion.