In the Matter of the Petition of LAWRENCE ATTERBURY
to Have Determined and Enforced an Attorney's Lien.

SUFFOLK COUNTY TRUST COMPANY, as Guardian of the Prop-
. erty of the Infants ANNA MARIE PETTIT, AGNES JEANETTE
PETTIT. and LEON ROBERT PETTIT, Appellant; LAWRENCE
ATTERBURY, Respondent.

First Department, October 26, 1917.

**Attorney and client — compensation of attorney who recovers
judgment in action for death caused by negligence — jurisdiction
lies with surrogate — Code Civil Procedure, section 1903, con-
strued — failure to give notice to guardian of infants entitled to
. share in recovery — practice — when motion to vacate proceedings
is appropriate remedy — appeal unauthorized.**

Section 1903 of the Code of Civil Procedure, relating to the distribution
of damages recovered in actions for death caused by negligence, gives
to the surrogate who issued letters testamentary or of administration
the exclusive power of allowing the expenses of such action, including
the amount of compensation of the plaintiff's counsel. Hence, the
Special Term has no jurisdiction to determine the amount such attorney
shall receive under his contract of retainer.

Moreover, no determination of the amount of the attorney's fees can be
made where the decedent left a wife and infant children if there was no
notice of the proceeding given to the infants or their general guardian,
for the infants are entitled to share in the recovery.

Where the guardian was given no notice of the proceeding in the Supreme
Court an appeal by the guardian from the order of the court was unneces-
sary as a motion to vacate the proceeding was the appropriate remedy.

APPEAL by Suffolk County Trust Company, as guardian, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of June, 1917, determining the lien of the respondent in a certain action, and also from an order entered in said clerk's office on the 6th day of August, 1917, amending said order, and also from an order entered in said clerk's office on the 10th day of August, 1917, denying appellant's motion to vacate and set aside the prior orders.

*John M. Ward,* for the appellant.

*Charles Green Smith,* for the respondent.

SCOTT, J.:

On February 5, 1916, one Leon Francis Pettit, chief of the volunteer fire department of Babylon, L. I., was killed while proceeding to a fire, the motor truck on which he was riding being struck by one of the trains of the Long Island Railroad Company. On the same day that the accident occurred a friend of the petitioner visited the widow of said Pettit, and urged that petitioner be retained as attorney to prosecute the railroad company for damages. He was accordingly retained and obtained from the surrogate of Suffolk county, in which the deceased and his widow resided, the appointment of said widow as administratrix. Petitioner made an agreement with said administratrix which, as he states it, was that he should " take up the prosecution of her case against the railroad company and to advance out of my own pocket for her benefit the necessary disbursements, and to accept as compensation for my services a reasonable amount wholly contingent upon a recovery and the amount thereof."

Petitioner thereupon took steps to recover damages and after discontinuing one suit and bringing another, succeeded in recovering a judgment against the railroad company for $16,271.36, including costs and interest from the date of death. He had a difference with Mrs. Pettit as to the amount which he should receive as compensation, and on June 11, 1917, filed a petition in the Supreme Court in the county of New York and obtained an order to show cause, under

section 475 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35), why an order should not be made determining the amount of and enforcing the payment of his attorney's lien. Notice of this application was given to Mrs. Pettit, the administratrix, and on the return day she came into court with or by her attorney, and consented to an entry of an order fixing the petitioner's fee at the sum of $4,189.22, and directing the said administratrix to pay the same out of the judgment when collected by her. She, however, had received only limited letters of administration and required leave of the surrogate who had issued the letters before she could collect the judgment or disburse its proceeds. Application was, therefore, made to said·surrogate for such an order, which he granted. In doing so he filed a well-considered opinion in which he questioned the validity of the order made in this court and above described, and himself fixed the attorney's fee at a smaller and, as we think, much more reasonable sum. Thereupon petitioner again applied to the Special Term in this county and obtained an amendment of its prior order directing the railroad company to pay the fee to him direct. In all these proceedings neither the petitioner nor the administratrix appears to have considered that the infant children of the deceased were entitled to consideration or representation and neither they nor their general guardian were notified of the proceedings. In the meantime the railroad company has paid the amount of the judgment into court and has obtained its satisfaction.

The present motion is made by the Suffolk County Trust Company, the guardian of the property of the three infant children of the decedent Pettit, and is for vacating and setting aside the above-mentioned orders made at Special Term in this county. The motion was·denied, and the guardian appeals.

The orders made at Special Term undertaking to enforce the lien of the attorney were unauthorized. The cause of action for death is the creature of statute (Code Civ. Proc. § 1902 et seq.) and the Legislature has provided who shall have power to determine the fee to be paid to the attorney who recovers the judgment. The proceeds of such a judgment constitute no part of the estate of the decedent, but go directly to those specified

by statute as those who are to be benefited. Such an action is prosecuted by the executor or administrator merely as a matter of convenient procedure. It might equally well be prosecuted, if the Legislature saw fit to so decree, by the parties who are to benefit. That in some cases, as in this, the executrix or administrator is herself one of the beneficiaries is a mere coincidence. It often happens that such an action is prosecuted by an executrix or administrator who will be entitled to no share of the judgment.

Section 1903 of the Code of Civil Procedure confides the duty of allowing the expenses of such an action, which includes the compensation of counsel, to the surrogate, meaning, of course, the surrogate who issued the letters testamentary or of administration. The discretion of the surrogate in allowing the reasonable expenses of such an action cannot be controlled by any agreement the executor or administrator makes with the attorney. (*Matter of Meng*, 96 Misc. Rep. 126.) As we consider, the exclusive power to fix an attorney's fee in such a case, at least in the first instance, is vested in the surrogate. Whether the Appellate Division can review his discretion is not before us for consideration.

The very question now presented was in effect decided in *Cunningham* v. *City of New York* (141 N. Y. Supp. 1000; affd., 162 App. Div. 851). In that case it was held that the surrogate alone had the power to fix the fees of the attorney, the power of the Supreme Court being limited to requiring the deposit of a sufficient sum to cover any fee which might probably be fixed.

The amendment of section 1903 of the Code by chapter 641 of the Laws of 1915, does not in our opinion take away the exclusive authority of the surrogate to fix the fees. It rather emphasizes his discretionary power in the premises.

It was unnecessary to appeal from the first two orders. As the guardian was given no notice of them a motion to vacate them was its appropriate remedy. Those appeals will, therefore, be dismissed, without costs. The third order which denied the motions to vacate the two orders previously made is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, to be paid by the petitioner personally. This will leave outstanding as the

only valid order fixing his compensation, that made by the surrogate of Suffolk county.

Clarke, P. J., Dowling, Smith and Page, JJ., concurred.

Order of August 10, 1917, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to be paid by petitioner personally.   Appeals from orders of June 14 and August 6, 1917, dismissed, without costs.