In fact, he has expressly stated otherwise in the will itself. It is impossible to read this will, even in the light of the situation and value of the testator's property at the time of the making of the will, without being convinced that he believed that the Harvey House was much more valuable than it subsequently proved to be, and that he intended that the title thereto should vest in the devisees mentioned in said tenth clause, subject to the lien of the specific legacies aforesaid, which these devisees could pay out of this Harvey House and still have a substantial equity therein.

[4] The title to this real property in question vested in the residuary devisees named in said tenth clause, subject to be divested by the exercise of the power of sale contained in the will. Erwin v. Loper, 43 N. Y. 525. There was no conversion until the sale by the executors, and such devisees would be entitled to the rents and profits from the death of the testator to the date of sale. 18 Cyc. 304; Coann v. Culver, supra; White v. Howard, 46 N. Y. 144; Matter of Van De Walker, 79 Misc. Rep. 661, 141 N. Y. Supp. 325.

Of course, the specific legatees had a lien upon this real property as security for the payment of their respective legacies; and, the real property being inadequate for the payment of the liens, they could undoubtedly have acquired possession prior to the sale in an appropriate equitable action and through a receiver. But, until the arm of equity reached out and took possession of the property, the owners of the legal title would be entitled to possession and the rents and profits arising therefrom. It is probably true, also, that the specific legatees would not have to resort to a court of equity to obtain such possession if the residuary devisees surrendered possession of the property to them or their representatives. It does not appear just how the executors came to take possession of this property and collect these rents and profits, and they ask for permission to show this upon this new accounting.

The application is granted, upon payment by the executors to the attorney for the specific legatees of the sum of $50.

Decreed accordingly.

(88 Misc. Rep. 458)

## In re HUTH.

### In re ZEHR'S WILL.

(Surrogate's Court, Kings County. December, 1914.)

1. DEATH ⬅84—ACTION BY EXECUTOR—DAMAGES RECOVERABLE—FUNERAL EXPENSES.

Under Code Civ. Proc. § 1904, providing that the damages awarded to the plaintiff in an action for wrongful death shall be a just compensation for the pecuniary injuries resulting to the persons for whose benefit the action is brought, plaintiff, suing as executor of decedent's estate, cannot recover, as an element of damages, any part of the funeral expense, unless by reason of such expense the beneficiaries of the action have sustained pecuniary injury.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 110 Dec. Dig. ⬅84.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. DEATH ⬡⟿84—RECOVERY—DEDUCTION FOR FUNERAL EXPENSES—EXECU-. TORS AND ADMINISTRATORS.

Code Civ. Proc. § 1903, providing that the plaintiff in an action for wrongful death may deduct from the recovery the reasonable funeral expenses of decedent, does not authorize such deduction to be made, where such expenses have been paid from a fund charged with its payment under decedent's will.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 110; Dec. Dig. ⬡⟿84.]

Proceeding on the judicial settlement of the account of Cornelius Huth, as executor of the last will and testament of William H. Zehr, deceased. Decreed according to opinion.

Joseph J. Schwartz, of Brooklyn, for accountant.

William C. Foster, of New York City, for general guardian of infant legatees.

KETCHAM, S. The executor presents the question whether the funeral expenses of his decedent shall be charged against the general estate left by the deceased or against the sum recovered by the executor as damages for the negligent killing of the deceased. The general estate was $14,000 of personalty and real estate of a rental value of $25 per month. The recovery of damages for causing the death was $2,-683.25, and its net amount, after all deductions, except for the funeral, was $1,669.98. The funeral charge is $403.50.

The only person interested in the recovery of damages was the decedent's wife, who is an incompetent. The sole legatees and devisees of the will of the deceased are the two nephews. Hence the funeral is to be either paid for by the wife, who, except for exemptions and dower, takes nothing from the estate, and whose sole resources derived in any form from her husband's estate, aside from exemptions, are dower in a piece of real property producing a gross amount of $300 per annum, and $1,669.98, her share of the damages aforesaid, or it is to be paid for by the nephews who receive the whole estate.

The will directs that the testator's funeral expenses shall be paid as soon as the same can conveniently be done after his decease, and it then devises a residue, which can only be measured by first deducting from the estate the amount of the funeral charge. The deceased was at death entitled to a funeral benefit from a trade society, amounting to $100, which was collected by the executor. The executor, before the recovery of any damages for the death, paid the funeral bill from the general assets of the estate, to which he afterward credited the $100 received for funeral purposes.

[1] It is provided with respect to a recovery in an action for causing death by negligence as follows:

"The plaintiff may deduct from the recovery the reasonable expenses of the action, the reasonable funeral expenses of the decedent, and his commissions upon the residue." Code Civ. Proc. § 1903.

The damages awarded to the plaintiff in such action must be—

"a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action, is brought." Code Civ. Proc. § 1904.

---

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is therefore certain that the plaintiff cannot recover as an element of the damages any part of the funeral expense, unless, by reason of such expense, the beneficiaries of the action have sustained pecuniary injury. This is illustrated and enforced in the case at bar, for it affirmatively appears that the wife, for whose benefit the action is brought, had not paid the funeral charge and could not be made liable therefor. In a like case it is held that the plaintiff may prove and recover the amount of the necessary funeral expenses, "if the law imposes upon the relatives for whose benefit the suit is brought the obligation to bear them." Murphy v. N. Y. C. & H. R. R. R. Co., 88 N. Y. 445.

The authoritative implication of that case is that the damages would not include the funeral expenses, or any part thereof, if no obligation to pay rests upon the relatives in whose behalf the recovery is made. The same thought is contained in Matter of McDonald, 51 Misc. Rep. 318, 101 N. Y. Supp. 275, in which the learned surrogate expressly assumes that the payment of the funeral bill from the proceeds of the recovery is only to be had where the deceased leaves no estate. An attempt by the accountant in the action in which he was plaintiff to include in his recovery the funeral expenses would have been adequately met by proof of the facts recited supra. It would then be a repulsive result if the provisions of section 1903, quoted supra, were to be so construed that the award made to indemnify the persons for whom the action was brought was burdened with the payment of an item for which none of them was liable, which could not be included in their recovery, and which was already paid from a fund devoted to its payment.

A statute is not to receive a construction which involves a palpably unjust or absurd effect, if by the arts of construction a just and rational meaning can be impressed upon it. At common law, undisturbed by legislation in this state, the general personal estate of the deceased is chargeable with the burden of his funeral expenses. The provision with respect to the payment of the funeral expenses from the recovery in an action for negligent killing of the deceased is so distinct a departure from the common law as to invoke the familiar rule that its provisions in derogation of that law shall not be extended beyond their obvious and necessary intent.

[2] In the statute in question a permission or direction to deduct can only intend that the plaintiff shall withdraw or take back from the fund held by him in trust a sum which it is his duty to pay from that fund. In the relation in which the word "deduct" is here found, it cannot reasonably contemplate that a custodian of the fund can reduce the same by the withdrawal of a sum which he, in his character as plaintiff, has not been called upon to pay, and will never be required or permitted to pay.

The plaintiff is authorized in this section to deduct the reasonable expenses of the action. The argument that he must deduct the funeral expenses from the fund realized in the action, even when they have been discharged by the use of another fund, which was specifically devoted to their payment, would require a like interpretation as to the payment of the expenses of the action, if they had been

paid by a benevolent volunteer, who renounced all right to reimbursement. No interpretation of the act is conceivable which would allow the plaintiff to subject the recovery to the payment of any item which was legally payable from a source other than the sum recovered.

It cannot be said that the plaintiff, because he paid the funeral bill, may deduct its amount from this recovery. His attitude must be the same as if another person had been executor of the general assets, and he was an administrator to maintain the action. As executor of the general estate, and plaintiff in the action, he was trustee of inconsistent and separable trusts. In his character as plaintiff he did not pay the item. It was as a stranger to the duty which he bore as plaintiff that he paid it, and he paid it from a fund other than the fund in his charge as plaintiff. More than that, it was his duty to pay it from the other fund.

The conclusion is that the statute only contemplates deduction of funeral expenses from the recovery when the beneficiaries of the recovery are under the obligation to pay them, and that therefore the obligation cannot exist where the expense has been paid from a fund which was charged with its payment. Even if there were in this statute an express and inevitable requirement that the funeral expenses were to be paid from the recovery, it could be modified or waived. If the testator, instead of creating a fund of $100 for the purpose of defraying his funeral expense, had provided a fund equal to that expense and had made that payable to his general estate, could it be doubted that by his act, and especially by the later act of his representatives and legatees in accepting the amount of the funeral benefit, there would be brought about a waiver of any statutory provision, however stringent, by which the general estate was exempted from the payment of the funeral expense?

So when, by his will, he devoted his whole personal estate to the payment of his funeral expense, and gave to his nephews a residue which could only be reached by subtracting the amount of such expense, does it not result that he has impressed a like waiver upon his estate and those who may participate therein? The credit for funeral expenses which the executor has suspended in his account must be made a credit to him in the settlement of his accounts with the beneficiaries of the general estate, and the amount now held by him should be paid to the widow.

Decreed accordingly.