## In the Matter of the Estate of ANNA GOYETTE, Deceased.

Surrogate's Court, Clinton County, August 6, 1931.

*Boire & Kehoe* [*Harry P. Kehoe* of counsel], for the executor, Hector Goyette.

*Robert S. Long,* for Lizzie Tosh, Wilbur Goyette and Jake Goyette.

HARRINGTON, S. The decedent died testate leaving an estate consisting of real estate of the approximate value of $1,200 to $1,500, and a bank deposit in the sum of $540.76. The petition for probate shows that she was survived by eight children and nine grandchildren, the issue of a deceased daughter. The will directs that the funeral expenses be paid out of any cash which the testatrix should have upon her decease, whether on deposit in a bank or otherwise and that the balance should be distributed to her two sons, Hector and Otmer. After disposing of her household furniture and personal effects to certain other children, the balance of the estate is distributed equally to her eight children then living.

Decedent was killed in an automobile accident, and an action was brought by the executor, pursuant to article 5 of the Decedent Estate Law (added by Laws of 1920, chap. 919), to recover damages for the alleged negligence of the defendants, resulting in decedent's death. A compromise offer was duly approved by this court and the sum of $1,300 was received in settlement of the action. After deducting the sum of $300 for attorney's fees and disbursements, there remains for distribution to the next of kin, under section 133 of the Decedent Estate Law (as amd. by Laws of 1929, chap. 229), the sum of $1,000. The parties represented by Mr. Long are interested under the will only as residuary legatees. If the funeral expenses are paid from the decedent's general estate, the same will be paid from the sum on deposit, as above mentioned, and will

deplete the bequest given to the two sons, Hector and Otmer. If the funeral expenses are paid from the proceeds of the negligence action, then the sum which the parties represented by Mr. Long would receive as next of kin of the decedent under section 133 of the Decedent Estate Law (as amd. by Laws of 1929, chap. 229), would be less than if such expenses were paid from the decedent's general estate. The question is thus presented of whether in this case decedent's funeral expenses should be paid from the proceeds of the negligence action or from her general estate as directed in her will.

From the affidavit filed by Mr. Kehoe it appears that the recovery in this negligence action was at least aided, if not entirely founded, upon the theory that the only pecuniary loss suffered by the next of kin by reason of decedent's death was the funeral expenses and other expenses attending her injury and death. As a basis for such conclusion it appears that decedent was a widow, seventy-four years of age; all of her children were over twenty-one years of age and none of them were dependent upon her for support. Mr. Kehoe's affidavit further states that his entire negotiations and proceedings in such negligence action were based solely on the pecuniary damages which he believed the next of kin had suffered, as above mentioned.

The fact that the executor obtained a settlement of such negligence action and received the sum of $1,300 therefor, primarily because of his representation, apparently honestly made, that the next of kin had suffered pecuniary damages by way of their presumed liability for funeral expenses and other expenses attending the injury and death of the decedent, should not persuade this court to direct that the actual sums expended for such expenses be deducted from the proceeds of such recovery, if, as a matter of law, such expenses should not have been included in the claim for pecuniary damages. This court should not attempt to distribute that which may have been recovered under a mistaken belief in the law applicable to the facts in question. The fact that a recovery of $1,300 was obtained would indicate that it could not have been based entirely upon the theory of compensating the next of kin for estimated pecuniary damages incurred, for such expenses amount to approximately only $300. At best the recovery must be regarded as a good settlement of a doubtful claim.

What then is the law applicable to this case? At common law no duty rested upon a child to support an indigent parent. (*Edwards* v. *Davis*, 16 Johns. 281; *Herendeen* v. *DeWitt*, 49 Hun, 53; *Ulrich* v. *Ulrich*, 136 N. Y. 120, 123.) Such duty obtains in this State by virtue of statute. (See Public Welfare Law, § 125.)

The procedure for the enforcement of such liability is also provided by statute. (See Code Crim. Proc. §§ 914–920.) These statutes fix such duty upon the child in those cases only where the parent is a " poor person " or a " recipient of public welfare " or is liable to become a " recipient of public welfare."

I am convinced that the decedent does not come within the terms of the above-mentioned statutes. While her estate is small, by her will she directs that her funeral expenses be paid before disposing of the balance thereof. How then, under such circumstances, could the next of kin for whose benefit this negligence action was brought assert that they were legally responsible for the payment of decedent's funeral expenses when the decedent's estate was ample to pay such expenses and her will had specifically directed that the same be so paid. If on these facts such a liability were held to exist, then the principle established would apply in the event that decedent's estate had been much larger.

This case is not unlike in principle that of *Matter of Huth* (88 Misc. 458). There the recovery for the death of the decedent was for the sole benefit of his widow. By his will decedent's estate passed to his two nephews. The surrogate held that as the widow was not liable for such funeral expenses and as the will expressly charged decedent's estate with the payment of such expenses, and such expenses had been so paid, they could not be deducted from the sum received in settlement of the action to recover for decedent's death; that the statute contemplated deduction of funeral expenses from the recovery only when the beneficiaries of the recovery were under a legal obligation to pay them, and such an obligation could not exist when such expenses had been paid from a fund charged with their payment. In the case at bar it also appears that the funeral expenses were previously paid from funds in decedent's general estate. (See, also, *Davis* v. *N. Y. C. & H. R. R. R. Co.,* 233 N. Y. 242, 248.) Here decedent was killed while working for defendant. He left a wife but no children. He and his wife had been living apart. His mother was the sole legatee and executrix of his will. She brought an action as executrix to recover damages for his death. Prior to the trial, the widow, the sole beneficiary of the negligence action, settled her interest in the matter and gave the defendants a release. Meantime, the executrix had agreed with her counsel upon a contingent fee for his services. The trial proceeded and a verdict of $3,000 was given. Thereafter the fees of counsel were fixed in an accounting proceeding in the Surrogate's Court and the amount paid for funeral expenses was allowed. Later an order was made reducing the verdict from $3,000 to $1,761.50, which latter sum included counsel fees as allowed

in Surrogate's Court of $1,620.50, plus funeral expenses of $141. Upon the question of whether the funeral expenses should have been allowed, as above mentioned, the court (at p. 248) said: " We find no justification, however, for including the expenses of the funeral. A different question would be here if the executrix, lacking assets of the estate, had paid these expenses herself on the credit of the cause of action. What her rights would then be, we do not now determine. For all that appears, she paid them out of assets of the estate, in which event the primary fund for payment has already borne the burden (*Matter of Huth*, 88 Misc. Rep. 458)."

The above case would seem to be directly in point and controlling in the case at bar. It would also seem, however, that the rule in this case should be the same even though such funeral expenses had not been previously paid, in view of the fact that the decedent's general estate is expressly charged with such payment and the beneficiaries of the negligence action are not legally chargeable with such payment.

If as part of the amount of the recovery was included a claim for a sum sufficient to pay such funeral expenses, then it would seem that a moral obligation rests upon the beneficiaries of the negligence action to reimburse decedent's estate for the sum paid by it for such funeral expenses. However, this court cannot change the law applicable to this matter in an attempt to enforce what would appear to be a moral obligation in a particular case. The application to deduct from the recovery in the negligence action an amount equal to the sum paid by the general estate for funeral expenses is, therefore, denied.

Prepare decree accordingly.