In the Matter of the Estate of S. Agnes Smith, Deceased.

Surrogate's Court, Kings County, December 8, 1938.

*John L. Class*, attorney *pro se*, executor, petitioner.

Wingate, S.   Since time immemorial it has been one of the land-marks of surrogate's procedure that a personal claim of an accountant was improper of payment until its propriety had been testimonially established to the satisfaction of the surrogate.   This requirement was incorporated in the Revised Statutes, which provided that " No part of the property of the deceased shall be retained by an executor or administrator, in satisfaction of his own debt or claim, until it shall have been proven to, and allowed by, the surrogate."   (2 R. S. 88, § 33.)

The reason underlying this statutory rule is reflected in *Kyle* v. *Kyle* (67 N. Y. 400, 408), as follows: " It has been held that the surrogate may hear and determine upon a claim against the executor in favor of the estate.   (*Gardner* v. *Gardner*, 7 Paige, 112.)   It is

for the reason, that unless he may do so, those interested in the estate have no remedy save by bill in equity, inasmuch as no suit at law can be brought; for the executor, who is the legal representative of the estate, cannot sue himself. The same reason is applicable here, and is probably the base of the statute cited."

The time for such proof and allowance was first regulated by section 37 of chapter 460 of the Laws of 1837, which provided that it " may be made on the service and return of a citation for that purpose, directed to the proper persons, or on the final account of any such executor or administrator, pursuant to the third article of the said third title."

When the Code of Civil Procedure was adopted (Laws of 1876, chap. 448; Laws of 1880, chap. 178) the foregoing provisions of the Revised Statutes and of the act of 1837 were repealed and section 2739 of the Code of Civil Procedure was substituted therefor. This section permitted proof upon " judicial settlement " and omitted the provision for proof incident to a special proceeding brought for that purpose.

By the Laws of 1893, chapter 686, section 2739 of the Code of Civil Procedure was repealed, and section 2719 of the Code of Civil Procedure was substituted therefor. The effect of this new section was to restore the authority formerly given by Laws of 1837, chapter 460, providing for proof by special proceeding prior to accounting.

As thus enacted, section 2719 of the Code of Civil Procedure provided that " An executor or administrator shall not satisfy his own debt or claim out of the property of the deceased until proved to and allowed by the surrogate."

These provisions are presently embodied in identical language in section 212 of the Surrogate's Court Act.

The present accountant has the temerity to assert that this requirement should not be applied to his individual situation as disclosed by the present record. He is the qualified and acting executor under the will and is the holder of a personal claim in the sum of $750 for legal services rendered, which is duly recited in detail in the account.

The will makes twenty-one specific and general bequests, all of which have been paid in full, as is evidenced by acknowledged receipts and releases duly executed by the several legatees respectively. The residue of the estate is devised and bequeathed to Methodist Episcopal Church Home in the City of New York. There has been submitted a consent executed on behalf of this residuary donee, by its president, duly attested by its secretary, and acknowledged by the former, which recites that such residuary

legatee and devisee " does hereby consent to the payment by the executor herein " to himself " of seven hundred and fifty ($750) Dollars * * * for attorneys fees for professional services rendered by him * * * without requiring the taking of any proof in connection therewith before the court."

The question presented is as to whether this demonstration is adequate to justify the allowance of the claim without the submission of the testimonial proof usually requisite under the provisions of section 212 of the Surrogate's Court Act. On authority as well as reason the decision must be in the affirmative.

In *Ledyard* v. *Bull* (119 N. Y. 62, 72) the Court of Appeals states: " While an administrator cannot retain from money in his hands the amount of a debt due him from his intestate until it has been legally established and allowed, yet he may do it if all the persons interested in the estate assent thereto. In that event he need not make formal proof of his claim, but the assent takes the place and answers the purposes of proof."

A consent such as has here been submitted is substantially equivalent to an assignment of interest in the estate, and if in proper written form must be recognized, since a beneficiary receives the absolute *jus disponendi* of his bequest. (*Matter of Sidman*, 154 Misc. 675, 677.) Of course, an implied consent, such as might be attempted to be inferred from the giving of the usual waiver and consent to the settlement of a fiduciary's account, in which the payment of his own claim against the estate has been recited, would be wholly ineffectual for this purpose.

It is the policy of the law to compose controversies and avoid litigation (*Matter of Sidman*, 154 Misc. 675, 676) and to foster agreements of settlement and thus reduce the burdens of the court, wherefore the use of a duly acknowledged consent, by those sui juris, to the payment of the representatives should be encouraged. There is no reason for a requirement of unnecessary expenditure or useless waste of the time of all concerned when it is evident that this is unnecessary by reason of the informed consent to the payment of all persons who may by any possibility possess any interest in the subject-matter, provided such persons are all *sui juris.*

It follows, therefore, under the demonstration of the case at bar, that the consent filed herein is sufficient of itself to sustain the payment of the specified sum by the executor to himself, as set forth in the account, and that no proof is required as to the propriety of the claim, nor is ratification of the payment necessary in the decree to be made settling the account.

In the additional waiver and consent to the settlement of the account filed by the residuary legatee an added provision is incorporated whereby the said residuary legatee " does hereby further consent and agree that the notes and stock hereinafter specified are worthless, and request the Court, in the decree to be made herein settling the account of the executor, to relieve and discharge the said executor from any and all liability and accountability for said notes and stock " (listing them). In his account the executor sets forth the reasons why these notes and stock are worthless and prays in his petition for release by decree from liability therefor.

For the reasons previously assigned as to the acceptability of the consent to payment of the executor's claim, this consent to release of the executor from liability and accountability for the worthless notes and stock will be accepted and acted upon by the court, in this case by suitable provision in the decree.

Enter decree in conformity herewith.