In the Matter of the Accounting of CHARLES E. LEWIS, as Administrator of the Estate of MINNIE E. ALEXANDER, Deceased.

Surrogate's Court, Kings County, January 30, 1952.

*Harry H. Lipsig* for administrator, petitioner.

RUBENSTEIN, S. The administrator seeks approval of the compromise of an action for wrongful death and personal injuries of decedent; the fixation of the compensation of the attorney for services rendered to the estate; determination of the proper distribution of the net estate; authorization to pay the balance of the funeral bill, hospital expenses and reimbursement of $100 to the administrator for money advanced to the estate and retention of the sum of $500 subject to further account.

The distributees are four sons and two daughters of decedent, all of whom are of full age and competent. The decedent died on April 17, 1947, prior to the effective date of section 133 of the Decedent Estate Law, as amended. The compromise is approved and the net proceeds are to be distributed equally to decedent's six children. The administrator is authorized to pay the balance of the funeral bill, the hospital bill and reimburse himself for the $100 advanced to the estate. The administrator's request to hold $500 of the proceeds of the recovery subject to further account is denied, since no reason has been advanced therefor.

The agreement of retainer made by the administrator provided for payment to the attorney of 45% of the recovery had in the action. Two of the distributees have not filed any consent to the fixation of the attorney's fee. The other four distributees have executed duly acknowledged consents to the allowance of the attorney's fee as requested. As to the consenting distributees, their shares will be governed by said retainer (*Ledyard* v. *Bull*, 119 N. Y. 62, 75; *Matter of Smith*, 169 Misc. 615, 617; *Matter of Shapiro*, N. Y. L. J., Jan. 28, 1952, p. 373, col. 4; *Matter of Brennan*, N. Y. L. J., March 23, 1951, p. 1056, col. 5).

As to the distributees who have not consented, the retainer agreement is subject to the power of the court to determine a reasonable compensation to the attorney (*Matter of Meng*, 227 N. Y. 264, 269; Decedent Estate Law, § 133; Surrogate's Court Act, § 231-a). The compensation of the attorney is fixed at 33⅓% of the shares of the nonconsenting distributees.

Compensation as fixed herein shall include all services to and including the entry of the final decree settling the administrator's account and distribution thereunder.

Submit decree, on notice, accordingly.