In the Matter of the Accounting of DOROTHY M. LACHMAN, as Administratrix of the Estate of CHARLES O. LACHMAN, Deceased.

Surrogate's Court, Westchester County, October 3, 1955.

*James Dempsey* for administratrix, petitioner.

*Thomas F. English, Jr.*, special guardian.

FAILE, S. The administratrix will be authorized to compromise a cause of action for wrongful death of decedent for the proposed amount.

Decedent met his death on November 26, 1950, at the age of forty-seven years, survived by a widow, younger than decedent, and by four children who were respectively nineteen, sixteen, ten and six years of age. Since decedent's death two of his children, Helen and Charles, have attained their majority. Considering the age of the widow at the death of decedent and based upon decedent's life expectancy of 23.08 years and the probable duration of the minority of each of the children of decedent, decedent's widow would become entitled to receive 41.2% of the distributable proceeds, the eldest child 3.6%; the next two oldest children 8.9% and 19.6% respectively and the youngest child 26.7%.

The New York Telephone Company, the employer of decedent, being a self insurer, has a claim in the sum of $9,220 for workmen's compensation payments which have been paid to date as follows: $400 toward funeral expenses; $3,969 to the widow of decedent in addition to payments of $589.72 for the benefit of Helen, $2,130.64 each for the benefit of Judith and Nancy, infant children under the age of eighteen at the date of decedent's death. No compensation payments were made for the benefit of Charles for he was over age of eighteen years at the death of decedent. (Workmen's Compensation Law, § 16.)

The fee of the attorneys, including disbursements, will be allowed in the amount fixed by the retainer agreement as to the distributive share of the widow who consented to payment in the percentage fixed therein and in the reduced amount of 33⅓ as to the share of the infant distributees. (*Matter of Alexander,* 200 Misc. 1105.) The funeral expenses will be allowed in the amount requested, and both the compensation carrier and the administratrix will be reimbursed for the sums expended therefor.

After deducting the funeral expenses hereinabove approved, the carrier is entitled to be paid its lien out of the proceeds distributable to the next of kin who have received compensation payments. (*Matter of Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367; *Matter of Applebaum,* 180 Misc. 881.) However, the carrier cannot be reimbursed in full for it appears that the amount paid by the carrier to the widow, as well as the amount paid to her for the benefit of Judith exceeds the sum she and Judith are authorized to receive from this compromise. Accordingly to discharge the lien, the respective shares of all distributees but Charles shall be charged with the sums received from the carrier as compensation payments to the extent of the amount received from this compromise. (*Matter of Di Gangi,* 135 N. Y. S. 2d 58; *Matter of Winikoff,* 116 N. Y. S. 2d 262.)

The decree to be made hereon must accordingly contain provision for the payment by defendant or his insurance carrier direct to the persons entitled thereto as determined herein. As the amount payable to Nancy, an infant, is less than $500, the decree shall provide for the payment of her share of the recovery to the petitioner, the mother of said infant, for her use and benefit pursuant to the provisions of section 271 of the Surrogate's Court Act.

Settle decree.