Samuel Faile, S.
In this accounting proceeding with respect to the proceeds of causes of action for personal injuries and wrongful death, the compromise of which were authorized by an order of this court dated March 15, 1955, the court approves the proposed allocation of $4,000 for the personal injury action and $27,000 for the death action.
The decedent died on November 28, 1954 at the age of 42 years following an automobile accident which occurred on November 22,1954. She was survived by her husband, the petitioner, who was 49 years of age and by two children of the ages of 7 and 5 years. At the time of her death decedent was a housewife and not otherwise employed.
Petitioner claims that by reason of the death of his wife he has been required to incur additional expenses in employing a person to maintain the household and care for the children until they have reached an age when such care is no longer required. Petitioner requested that the sum of $1,000 be allocated to each child and that the balance of the net proceeds be paid to him. The special guardian recommends that a slightly increased distribution be made for each child — i.e.: $2,430 for the older child, and $2,570 for the younger child and for payment of the balance of net proceeds to the petitioner.
Under section 133 of the Decedent Estate Law the proceeds of a cause of action for wrongful death are exclusively for the benefit of decedent’s husband or wife and next of kin “ in proportion to the pecuniary injuries suffered”. It is too narrow a view to say that the word pecuniary was used in so limited a sense as to embrace only the loss of money. (See McIntyre v. New York Central R. R. Co., 37 N. Y. 287.) The concurring opinion by the court stated that the children of a deceased mother even though they were away from home and probably of full age and not immediately dependent upon her support, were not beyond the reach of the mother’s care and bounty. The court observed that although the loss of society of a deceased relative and injury to the affections of those surviving did not entail a pecuniary loss, to a child the loss of a parent was a loss of many things regarded as of a pecuniary character.
As employed in section 132 of the Decedent Estate Law pecuniary injuries have been construed to mean “ the reasonable expectancy, or lack of it, of future assistance or support ”. (Loetsch v. New York City Omnibus Corp., 291 N. Y. 308, 310.) Next of kin who are not dependent may sustain a pecuniary *609 loss. (Gross v. Abraham, 306 N. Y. 525.) The children of decedent as well as her husband sustained a substantial pecuniary loss by reason of her death, the loss being deprivation of the reasonable expectation of a mother’s care and bounty, at least during the probable duration of minority. Upon all the facts and based upon the age of the husband and the probable duration of the minority of each of the minor children of decedent, the court determines that the proceeds of the action for wrongful death shall be distributed as follows: To David Svibruck, the husband and petitioner, 41.9%; to the older child, Jonathan Svibruck, 27.1%, and to the younger child, Theodore Svibruck, 31%.
The personal claim of the administrator for reimbursement of the amount advanced from his personal funds to defray funeral and medical expenses is allowed in the amount of $202.75 after deducting the amount of the reimbursement of $1,000 received from other sources. The claim will be allowed and paid from the proceeds of the action for wrongful death. Attorney’s fees will be allowed in the amount of one third of the recovery in addition to disbursements requested.
The decree shall contain appropriate provisions for the payment by defendants or their insurance carrier direct to the persons entitled as hereinabove determined.
Settle decree.