John D. Bennett, S.
In this accounting proceeding objections have been filed by Frederick Gr. Schaefer and William Schaefer, the two sons of the testator who share in the major portion of the estate.
The decedent during his life was the owner of premises known as 30 Jefferson Avenue, Lynbrook, New York, and resided there with his son, William. After the decedent’s death in' April of 1957, William continued to reside on the premises as a tenant of one of the apartments. In the Summer of 1957, the executor engaged in several conferences with William in an attempt to obtain rent from him for the apartment. Although four payments were made at sporadic intervals, all payments eventually ceased, whereupon the executor retained counsel and commenced an action for the rent. This action has resulted in a judgment against William in the amount of $1,221.
Frederick Gr. Schaefer seeks to surcharge the executor for his expenditure of counsel fees in the action for rent. Frederick contends that the executor-trustee should have offset the amount due for rent against William’s interest in the trust for his benefit under the will. The trust provisions empower the trustee to invade the principal for William’s benefit. Although this might have been feasible if the trustee exercised his discretion to invade the principal of the trust, it cannot be said that the executor-trustee acted improperly in commencing the action for rent. By it he succeeded in establishing the reasonable rental of the apartment, obtained a judicial determination as to the amount due, and received a judgment for the same. The second objection of Frederick Gr. Schaefer is accordingly dismissed.
Although not in the form of an objection, but as a means of adjusting the matter of the judgment, the attorney for William Schaefer has suggested that the executor-trustee consent to having the judgment satisfied from his client’s interest in the trust. Although an executor has the right to retain a legacy to satisfy a debt due from a legatee (Matter of Cramer, 166 Misc. 713; Matter of Hahn, 163 Misc. 70; Matter of James, 149 Misc. 135) the most that could be retained by the executor from the trust fund would be the income (Matter of Sawin, 173 Misc. 428; Matter of Cramer, supra). The other solution to the prob *604 lem would be the exercise by the trustee of his power to invade the trust principal for the benefit of William in order to satisfy the judgment for rent. This, of course, the court cannot direct. The trustee is given the sole discretion to determine when principal should be used for the support of the beneficiary, and the court can only determine in a proper proceeding whether because of action or inaction there has been an abuse of this discretion (Matter of Downs, 13 Misc 2d 742, citing cases).
Unquestionably, however, a decision by the trustee to invade the principal in order to pay the judgment including the amounts allegedly due for three additional months’ rent appears to be the most satisfactory adjustment of the problem. At the hearing counsel for William Schaefer said his client was in need of funds for payment of medical expenses. While the court is not prejudging the trustee’s discretion in this matter, it would seem that he should take all these matters into consideration. Otherwise, as stated above, the only other recourse is to apply the income from the trust in satisfaction of the estate’s claims against William Schaefer.
The second and third objections of William Schaefer are sustained. There was general agreement at the hearing between the parties that William was entitled to no more than $213.60 as reimbursement for sums expended by him for necessary repairs and maintenance of the premises where he resided, and no evidence was introduced in opposition to the prima facie case establishing objectant’s right to his claim of a loan made to his father during his life in the amount of $102.
The first objection of William Schaefer and the fourth objection of Frederick Gr. Schaefer are similar in that both parties request to be reimbursed from the estate in the amount of one half the funeral expenses and hospital expenses. The objections are sustained and each objeotant is allowed the sum of $415.10. Since the estate is primarily liable for funeral and hospital expenses, such payments should not have been made from the wrongful death proceeds where the estate is solvent and able to pay these bills (Matter of Inglima, 13 Misc 2d 910; Matter of Weinstein, 149 Misc. 907).
Objection fifth of Frederick Gr. Schaefer has been disposed of by the executor amending Schedule H in accordance with the objection. Objection seventh which requests that the same changes be made in the petition is also sustained.
Objection sixth of Frederick G-. Schaefer is dismissed without prejudice. In substance what is objected to is the distribution in kind of certain real property in Warren County, New York. The objeotant requests alternatively that the court direct a *605 sale of the property and for these purposes has submitted an application to effectuate this result. There was however no citation issued upon this application nor did the original citation in the accounting proceeding contain any such application as required by section 236 of the Surrogate’s Court Act. In the event the petitioner in such application wishes to pursue his remedy, a citation must be issued which will give to the parties notice of the proceeding to sell. It is also suggested that such petition set forth one of the reasons under section 234 of the Surrogate’s Court Act for which real property may be sold, and that a proper description of the property be included.
Objection third of Frederick Gr. Schaefer and objection fourth of William Schaefer are dismissed and the attorney’s fee is allowed in the amount requested, which fee is for all services rendered including the submission of a decree and implementation thereof.
Objection first of Frederick Gr. Schaefer was disposed of at the hearing.
The account will be settled as filed and amended. Settle decree in accordance with rule XVI of this court.