John D. Bennett, S.
In this proceeding to compromise an action for wrongful death and personal injuries sustained by the decedent, petitioner submits a proposed settlement of $6,000, of which $4,500 is apportioned to the wrongful death cause of action, and $1,500 to the personal injuries cause of action, for pain and suffering sustained by the decedent.
*743 The special guardian for the infant wards reports that although he has not had an opportunity to examine the hospital record in order to discover if it reveals whether the decedent was at any time conscious during the last five hours following the accident, he nevertheless believes that the allocation of $1,500 to the personal injuries cause of action is excessive and suggests that the amount apportioned to the personal injuries action he limited to $500.
Since it is likely the decedent did not regain consciousness in view of the serious brain damage which the special guardian reports, it does not appear that a sum any larger than the amount suggested by the special guardian could be apportioned to the cause of action for personal injuries. Accordingly, the suggestion of the special guardian will be adopted and the compromise approved on the basis of the apportionment of $500 of the proceeds of the $6,000 settlement to the personal injuries action, and $5,500 thereof to the wrongful death action.
The attorney’s fee is allowed in the amount of one third as against the personal injuries recovery, or $166.67, and one third as against the wrongful death recovery, or $1,833.33, making a total fee of $2,000.
Since the funeral bill is an administration expense, it should be paid from estate funds if they exist (Matter of Weinstein, 149 Misc. 907). The remainder of the personal injuries proceeds, after deduction of the attorney’s fee, is directed to be paid to Alphonse Epaminonde in reimbursement of the funeral bill paid by him, and the balance of the funeral bill amounting to $47.67 is directed to be paid to him from the wrongful death proceeds.
Since the funds apportioned to the wrongful death action are not part of the decedent’s general estate and may not be used to pay general creditors, except as provided by section 133 of the Decedent Estate Law, the claims of the Nassau County Department of Welfare and Meadowbrook Hospital are disallowed (Matter of Courselle, 114 N. Y. S. 2d 10).
The special guardian’s fee is allowed in the amount of $150, and the claims of Dr. Pitman, Dr. Miner and Dr. Shepard and the Manhasset Medical Center are allowed, payable from the wrongful death proceeds.
The net proceeds are directed to be distributed as follows:
To Peter Slaney, Jr., an infant, $1,520.51;
To Patricia Ann Slaney, an infant, $759.41; and
To Priscilla Josephine Slaney, an infant, $489.08.
Distribution to the infants is directed to be made in accordance with section 271 of the Surrogate’s Court Act.