John M. Keane, S.
Donald M. Riley was struck by an automobile and fatally injured on June 14, 1963. His last will and testament was duly admitted to probate by this court on November 20, 1963. Letters of administration c. t. a. were issued to *659 Elizabeth Biley, guardian of two infant residuary legatees. In this proceeding the representative seeks leave to compromise a cause of action for wrongful death.
From the papers filed in this matter and from the testimony at the hearing, no objection has been made to the sum of $4,000 offered in settlement of the cause of action for wrongful death. Upon that testimony and the papers filed herein the court finds that the offer of $4,000 is adequate under all of the circumstances.
The papers filed herein and the testimony further indicate that the decedent died immediately without recovering consciousness. Therefore, all of the proceeds are allocated to the cause of action for wrongful death and no part is allocated to a cause of action for conscious pain and suffering. ¡So much for the noncontroversial aspects of this proceeding.
Controversy has arisen in two areas. First, from what funds should the funeral expenses be paid? ¡Secondly, what allocation should be made of the proceeds of the action for wrongful death?
Logically, the question about payment of the funeral expenses should be decided first.
The petitioner, as administratrix with the will annexed, seeks reimbursement for the funeral expenses of $1,029 for the benefit of the estate out of the proceeds of the compromise of this action for wrongful death. This application is opposed by decedent’s ¡sister and two half brothers. It is their contention that the funeral expenses are a proper expense of ¡administration and that the proceeds of a settlement of the wrongful death action should not be reduced by reimbursement to the estate for this payment.
The request of the petitioner evokes the sympathy of the court. The will of the decedent was short. After directing the payment of debts and funeral expenses he left everything to his brother, John H. Biley, who predeceased the decedent. The will further provided that in the event of John H. Biley’s prior death, the sum of $100 was given to Boibert von Esch, Ann von Esch, Michael von Esch and Michael Murray, children of his sister and one half brother. The balance of his estate he left in equal shares to Laurence Biley, Jacqueline Biley and Elizabeth Ann Biley, children of John H. Biley. Both Jacqueline Biley and Elizabeth Ann Biley are infants at the present time.
It is clear that the children of John H. Biley, decedent’s brother, are the principal objects of his bounty. If the funeral expenses are payable out of the estate assets, then the shares of the three residuary legatees will be decreased. Is the intent of the testator to benefit these three children of his deceased brother sufficient to require the payment of funeral expenses *660 out of the proceeds of the settlement of a cause of action for wrongful death?
The action to recover damages for wrongful death is statutory, having been first enacted in New York by chapter 450 of the Laws of 1847, which followed closely in time and content Lord Campbell’s Act.
Originally, the statute only covered the claim for damages. In the 1880 revision of the Code of Civil Procedure, there was added for the first time to the relevant statutory sections statements that the expenses of such proceeding and commissions of the representative could .be deducted from the recovery.
It was not until chapter 515 of the Laws of 1904 was enacted that funeral expenses could by statute be deducted from the recovery. Thirty years later, by chapter 216 of the Laws of 1934, medical expenses related to the accidental death could be recovered out of the proceeds. Finally, the last significant revision was made by chapter -639 of the Laws of 1949 where the court was given authority to make the allocation of the proceeds in proportion to the pecuniary injuries suffered. Prior to 1949, the proceeds were payable to the distributees of the decedent, irrespective of the pecuniary injuries suffered.
It can be -seen that, from its original enactment, there have ■been added from time to time certain items, related to the occurrence of the accidental death, which have been considered proper charges against the proceeds of the action. In most of the reported oases, and we .can assume that the same .ratio exists in the much greater number of unreported cases, the question of the payment of funeral expenses out of the estate assets or out of the recovery for wrongful death is substantially academic. For the most part the unfortunate victims of such fatalities die intestate. Therefore, in most estates, except for variations in the amount of the allocations based upon the pecuniary injuries suffered, it makes little difference to the beneficiaries whether the funeral expenses are paid out of estate assets, if any, or out of the proceeds received from the wrongful death action.
Neither counsel for the petitioner nor the special guardian have furnished citations of authority supporting .their position. There must always be a first time and, of course, no citation of a prior case can be found on the first decision on a certain matter. On the other hand, consistent holdings in prior years are entitled to great weight in order to give stability and certainty to the law.
Although the research of the -court has not been exhaustive, the examination of representative decisions beginning in 1904 -up to the present time uphold the contention that where assets *661 do exist, funeral expenses .should be paid from those assets and not paid out of the proceeds of the action for wrongful death.
In Matter of McDonald (51 Misc. 318 [1906]), the opinion of Mr. Surrogate Heaton states that there were no other assets in the estate except the amount recovered in the wrongful death action. The statute had only recently .been amended in 1904 to permit payment of funeral expenses out of the proceeds. After discussing the significance of the amendment, Judge Heaton directed that the funeral expenses should be paid out of the proceeds of wrongful death.
In Matter of Weinstein (153 Misc. 279 [1934]) and Gaccione v. State of New York (173 Misc. 367 [1940]), payment was directed to be made out of the wrongful dealth proceeds, but it appears from the decisions that there were no assets in the estate.
In Matter of Lachman (208 Misc. 774 [1955]), payment was directed out of the recovery proceeds but it is not clear if any other assets were available. This again was an intestacy.
In Matter of Svibruck (3 Misc 2d 607 [1956]), the balance of reimbursement of funeral expenses was charged to the cause nf action for wrongful death. There were sufficient funds allocated to the cause of action for personal injuries to reimburse the administrator for the funeral expenses. Again, in this instance, it was probably academic since the decedent died intestate and her husband was the administrator.
In another case, Matter of Woods (144 N. Y. ,S. 2d 880 [1955]), the funeral expenses and certain medical expenses were allowed out of the wrongful death recovery. Forty per cent of the total recovery was allocated to .the cause of action for conscious pain and suffering. From the decision, it would appear that there were insufficient assets to pay all creditors. By charging the funeral and medical expenses to the wrongful death proceeds, there was made available more for the creditors who could not be paid in full.
In a more recent case (Matter of Karpel, 236 N. Y. S. 2d 554 [1963]), reimbursement for funeral expenses was allowed to the administratrix who had limited letters. It does not appear ■from the opinion if there were any other assets. The decedent had died intestate, leaving a widow and two children so that the question of what fund should bear the expenses was substantially academic.
The foregoing cases indicate to this court that payment of funeral expenses is charged against the wrongful death settlement only where there are no assets or where the question is largely academic because of an intestate death.
*662 In a number of oases, beginning with Matter of Hath (88 Mise, 458 [1914]), funeral expenses are chargeable to the estate where such an estate exists and are not chargeable to the proceeds of the recovery for wrongful death. Similar decisions were readied in Matter of Goyette (141 Misc. 80 [1931]); Matter of Bernardi (199 Misc. 919 [1951]); Matter of Shapiro (116 N. Y. S. 2d 780 [1952]); Matter of Miller (155 N. Y. S. 2d 943 [1956]); Matter of Schaefer (22 Misc 2d 602 [1960]) and Matter of Slaney (34 Misc 2d 742 [1962]). The last two cases were decided by Mr. Surrogate Bennett, who also wrote the decision in Karpel, so it is fair to assume that in the Karpel case there were no other assets, inasmuch as the funeral expenses were allowed out of the proceeds for wrongful death.
Perhaps an analogy can be made that would show the legislative intent as far as the proceeds of the cause of action for wrongful death are concerned. As stated previously, this is a statutory right which did not exist at common law. Our statutes contain a law of descent and distribution. However, in the latter instance, the Legislature has permitted citizens to vary the benefits set forth in the statute of descent and distribution by the execution of a will. No such privilege is given to citizens as far as the proceeds for wrongful death are concerned. Therefore, these proceeds must be distributed strictly in accordance with the statute.
Although the statute permits funeral expenses to be paid out of proceeds, this court believes that the intent of the Legislature and the decisions interpreting the various laws allow but one conclusion. Such funeral expenses are payable out of the proceeds for wrongful death only when there are no other assets. In fact, in Matter of Slaney (supra), the funeral expenses were paid insofar as possible out of the proceeds for personal injuries and only the balance was paid out of the proceeds for wrongful death.
The request of the administratrix with the will annexed for reimbursement of the funeral expenses is denied.
The other controversial aspect of this proceeding relates to the allocation of the proceeds.
The decedent was a bachelor. His only distributees were a sister, Margaret von Esch; two half brothers, Gregory Murray and Neil W. Murray; and a niece, Elizabeth Ann Riley, the daughter of a deceased brother, John H. Riley. In addition, his late brother, John H. Riley, had two adopted children, Jacqueline Riley and Lauranoe Riley, who have been made parties to this proceeding. Elizabeth Ann Riley and Jacqueline Riley are infants.
*663 The petitioner testified as to the alleged pecuniary injury incurred by the three children of her late husband, John H. Biley, by reason of the wrongful death of the decedent. The direct testimony of the petitioner was subjected to rigorous cross-examination. From all of the testimony, it appeared that the decedent was generous with his nephew and nieces subsequent to the death of his brother, John H. Biley. However, the testimony does not support the contention that these children looked to him for their support. He gave them presents and made small donations to them or their mother to help her out.
She was not without income on which to live. She had received insurance benefits at the time of her husband’s death. She apparently had sufficient earnings to disqualify her from receiving social security benefits, even though she had not remarried.
No claim was made by the sister and the two half brothers that they suffered any pecuniary injury by reason of the decedent ’s wrongful death. It was their contention that the proceeds should be paid to the distributees as in intestacy.
Prior to the amendment made by chapter 639 of the Laws of 1949, the balance of the proceeds herein would be payable to the distributees of the decedent. However, since that amendment, the court is obligated to make the allocation in proportion to the pecuniary injuries suffered by the distributees. Prom the testimony given herein the court determines that there has not been a sufficient showing of pecuniary injury on the part of the niece of the decedent, Elizabeth Ann Biley, to justify an allocation in any proportions other than those made by the laws of descent and distribution. Therefore, one fourth of the balance of the proceeds remaining shall be paid to each of the following named persons: Margaret von Esch, Gregory Murray, Neil W. Murray and Elizabeth Ann Biley. The sum payable to Elizabeth Ann Biley, an inf ant, shall be paid to Elizabeth Biley, her duly appointed guardian.
Attorney’s fees requested in the sum of $1,333 and disbursements in the sum of $205.25 are hereby allowed as an expense of the proceedings. Commissions .shall be allowed to the administratrix with the will annexed upon the residue after payment of the expenses at the rate of i%.